Thomas B. BAILEY, Plaintiff,

v.

MEISTER BRAU, INC., et al., Defendants.

Nos. 69 C 1938, 71 C 114.

United States District Court, N. D. Illinois, E. D.

Nov. 8, 1972.

Donald Page Moore, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for plaintiff.

W. Donald McSweeney, Schiff, Hardin, Waite, Dorschel & Britton, Robert S. Foster, Quinn, Jacobs, Barry & Foster, George W. Hamman, Mayer, Brown & Platt, Stephen Shamberg, Friedman, Koven, Shapiro, Salzman, Koenigsberg, Specks & Homer, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter arises upon defendants' motions to compel the production of certain documents and for leave to take the deposition of James B. Lorie.

*Motion to Compel Production*

Defendants seek the following documents which plaintiff used to refresh his recollection at his deposition:

1. A two-page typewritten document prepared by plaintiff summarizing discussions between plaintiff, his attorney, and a financial expert retained by the attorney, containing an analysis of how the sales volume of the Black Company relates to its profitability;

2. An eight-page handwritten document prepared by plaintiff's attorney summarizing discussions between plaintiff, his attorney, and in some instances, the financial expert, as to the best way to present the Black Company's past and future sales volume in the case;

3. A handwritten set of projections and notes containing plaintiff's initial thoughts on the future earnings of the Black Company, sent to his attorney to aid him in determining how to approach proof of damages, which was also read and checked by an accountant retained by his attorney.

Plaintiff asserts that these documents are protected from discovery by the at-

torney-client privilege and the work product doctrine.

██ Defendant contends that the attorney-client privilege does not apply because third persons were present at the discussions or have been furnished copies of the documents. It is true that it is the general rule that privilege does not attach to matters communicated in the presence of, or to, third persons. McCormick on Evidence § 91, at 188 (2d ed. 1972). The modern authorities, however, have recognized that confidentiality is not destroyed if the third person is someone hired by the attorney to facilitate his rendition of legal services. United States v. Judson, 322 F.2d 460, 463 (9th Cir. 1963); United States v. Kovel, 296 F.2d 918, 921 (2d Cir. 1961); Rule 503 (a)(4), Proposed Federal Rules of Evidence and Advisory Committee's Note. Such is the situation here; the financial expert and accountant hired by plaintiff's counsel are the only third persons involved. The Court concludes that the attorney-client privilege applied to the documents sought to be produced.

██ Defendants assert that even if the privilege is applicable, it was waived by plaintiff's use of the documents to refresh his recollection. In cases not involving the privilege, counsel is entitled to inspect any writing used by a witness to refresh his recollection for use on cross examination. National Dairy Products Corp. v. United States, 384 F.2d 457, 461 (8th Cir. 1967), cert. denied, 390 U.S. 957, 88 S.Ct. 1032, 19 L.Ed.2d 1151 (1968); Petition of Mass. Trustees of Eastern Gas & Fuel Associates, 200 F. Supp. 625, 626 (E.D.Va. 1962); Schwartz v. Broadcast Music, Inc., 16 F.R.D. 31, 33 (S.D.N.Y. 1954). Plaintiff cites no authority supporting his position that the rule is different where the writings are otherwise privileged. To adopt such an exception would be to ignore the unfair disadvantage which could be placed upon the cross-examiner by the simple expedient of using only privileged writings to refresh recollection. This factor, coupled with the intent to relinquish the privilege shown by their use for this purpose, convinces the Court that plaintiff should be held to have waived the attorney-client privilege as to the documents in question.

██ Plaintiff has also asserted, without authority, that the documents are protected by the work product doctrine. Even assuming that that doctrine is applicable, the Court holds that his use of them to refresh his recollection constituted a waiver of the doctrine's protection as embodied in Rule 26(b)(3), Fed. R.Civ.P., for the reasons set forth above in the discussion of the attorney-client privilege.

Accordingly, defendants' motion to compel the production of the above-described documents will be granted.

*Motion for Leave to Take the Deposition of James B. Lorie*

██ Defendants have moved for leave to depose Professor James Lorie, an expert retained by plaintiff in preparation for trial, pursuant to Rule 26(b)(4)(A)(ii) or, in the alternative, (B), Fed.R. Civ.P., on the question of the value of the Black Company as of June 1, 1969. In his answers to defendants' interrogatories, plaintiff originally listed Lorie as an expert expected to be called as a witness on that issue. But on April 21, 1972, in his amended answers to defendants' interrogatories, plaintiff notified defendants that Lorie's testimony would be limited to the value of the Meister Brau stock involved in this case, and that another expert would be called on the issue of the value of Black Company.

The initial determination to be made is whether, for the purpose for which defendants seek to depose him, Lorie is to be treated as "a person whom the other party expects to call as an expert witness at trial" under Rule 26(b)(4)(A)(i) or "an expert who has been retained or specially employed . . . in preparation for trial and who is not expected to be called as a witness at trial" under subparagraph (B). The rule it-

self does not speak specifically to the problem of whether an expert who is expected to testify as to matters other than those which the opposing party seeks discovery is covered by (A) or (B), nor does the Advisory Committee Note to the 1970 Amendments which added these provisions. Defendants' cases are not good authority on this issue because they do not deal with the amendments, and the Court has not found any newer cases involving the issue. Two commentators have suggested, however, that discovery under (A) should be limited to those opinions which the expert is expected to give at trial. 8 C. Wright & A. Miller, Federal Practice and Procedure 254 n. 78 (1970); Note, Discovery of Experts: A Historical Problem and a Proposed FRCP Solution, 53 Minn.L. Rev. 785, 803–04 (1969). This view commends itself to the Court in that it serves the Advisory Committee's purpose of allowing the discovery of expert opinion to allow improved cross-examination and rebuttal of such testimony. Where, as here, the expert is not expected to testify as to the matters upon which defendants seek to depose him, the purpose behind the greater discovery allowed by (A) would not be served.

Alternatively, defendants contend that they have shown the existence of "exceptional circumstances under which it is impracticable for . . . [them] to obtain facts or opinions on the same subject by other means," thus making the deposition of Lorie permissible under subparagraph (B). The essence of defendants' claim is that they are unable to obtain *Lorie's* opinion, which was allegedly adverse to plaintiff, by any other means. The Rule clearly contemplates a showing that a party has found opinions by others on the subject to be unavailable before he may obtain discovery from his opponent's retained expert who is not expected to be called to testify on the same subject. Defendants have made no attempt to show that they are without sufficient funds or information to obtain

other opinions as to the value of the Black Company. Accordingly, the motion for leave to take Lorie's deposition will be denied.

It is so ordered.