WHEELING–PITTSBURGH STEEL CORPORATION, Plaintiff,

v.

UNDERWRITERS LABORATORIES, INC. and Allied Tube & Conduit Corporation, Defendants.

No. 74 C 3697.

United States District Court, N. D. Illinois, E. D.

July 7, 1978.

Sonnenschein, Carlin, Nath & Rosenthal, Kirkland & Ellis, Chicago, Ill., for plaintiff.

Victor E. Grimm, John C. Blew, Lucinda McConathy, James F. Flanagan, Charles Pressman, Aram A. Hartunian, Ronald L. Futterman, Chicago, Ill., for defendants.

ROSZKOWSKI, District Judge.

## I. ALLIED'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant-Counterplaintiff, Allied Tube and Conduit Corporation ("Allied"), seeks an order from this Court compelling plaintiff, Wheeling-Pittsburgh Corporation ("Wheeling-Pittsburgh"), to produce certain documents for inspection and photocopying pursuant to Rule 34, Federal Rules of Civil Procedure. Wheeling-Pittsburgh resists production of said documents on the ground

that they are protected from discovery by the attorney-client privilege. For the reasons stated herein, we grant Allied's request and direct Wheeling-Pittsburgh to make available for inspection and/or photocopying the subject documents.

On May 1, 1978, defendants, Allied and Underwriters Laboratories, Inc. ("UL"), commenced the deposition of Albert C. Flanders, who for about thirty years prior to March 1978, was employed by Wheeling-Pittsburgh in various capacities having to do with metallurgical engineering and quality control. Immediately prior to his leaving plaintiff's employ, Mr. Flanders, with the permission of one of plaintiff's employees, borrowed three company files. Two files contained technical and chronological documents pertaining to relevant events. The third file, captioned "Communications with Counsel", contained communications between representatives of the plaintiff, including Mr. Flanders when he was employed by plaintiff, and its counsel, and notes referring to such conversations.

Throughout his deposition hearing, Mr. Flanders, pursuant to instructions from counsel, refused to answer questions directed toward the specific contents of the documents contained in the "privileged" file. Mr. Flanders' refusal was based upon counsels' belief that such information was protected from discovery by the attorney-client privilege. At some point during Mr. Flanders' deposition hearing, Allied's counsel orally requested the production of the subject file; such request was promptly denied.

In disposing of the motion presently before us, we will assume that at one time the subject documents were in fact protected from discovery by the attorney-client privilege. However, we find that Mr. Flanders' use of said documents to refresh his recollection immediately prior to his deposition hearing, served as an effective waiver of any such privilege. Consequently, said documents are discoverable pursuant to Rule 612, Federal Rules of Evidence.

Although counsel for Wheeling-Pittsburgh argue that Mr. Flanders did not in fact review these documents for the pur-

pose of his deposition, the facts lead us to a different conclusion. Just two days before his departure from Wheeling-Pittsburgh, Mr. Flanders visited plaintiff's Benwood, West Virginia office and admittedly borrowed files which he determined "would serve the purpose of a review." He retained possession of these files for approximately six weeks. It was not until the day before and the morning of his scheduled deposition that Mr. Flanders returned the files *directly* to counsel for Wheeling-Pittsburgh. Under these circumstances, it seems clear to this Court that Mr. Flanders retained plaintiff's files for the purpose of reviewing relevant material prior to his scheduled deposition.

Rule 612, Federal Rules of Evidence, provides in part:

. . . if a witness uses a writing to refresh his memory for the purpose of testifying, either—

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interest of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. . . .

As enacted, Rule 612 codifies settled doctrine in regard to writings used to refresh recollection of a witness while he is testifying. Its treatment of writings used for recollection prior to taking the stand, however, represents an appreciable departure from previous practice. *See, Goldman v. United States*, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322 (1942); *Needelman v. United States*, 261 F.2d 802 (5th Cir. 1958), *cert. dismissed*, 362 U.S. 600, 80 S.Ct. 960, 4 L.Ed.2d 980, *rehearing denied*, 363 U.S. 858, 80 S.Ct. 1606, 4 L.Ed.2d 1739, *annot.*, 82 A.L.R.2d 473, 562 and 7 A.L.R.3d 181, 247. Congress made this innovative aspect of Rule 612 applicable only if the court in its discretion decides production is warranted "in the interests of justice."

Rule 30(c) of the Federal Rules of Civil Procedure provides that examination and cross-examination of witnesses at a deposition may proceed as permitted at trial under the provisions of the Federal Rules of Evidence. In *Prucha v. M & N Modern Hydraulic Press Co.*, 76 F.R.D. 207 (W.D. Wis.1977), the court ordered plaintiff to produce for inspection and copying the statements relied upon by him to refresh his memory in preparation for his deposition hearing. In support of its decision, the court cited Rule 612(2) of the Federal Rules of Evidence as authorizing full disclosure. It is not clear from the court's opinion in *Prucha* whether plaintiff was resisting production of the statements based upon the attorney-client privilege.

In *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11 (N.D.Ill.1972), a case whose factual background is more closely analogous to the one presently before us, the court held that the attorney-client privilege was waived by plaintiff's use of documents to refresh his recollection at his deposition. The court reasoned that to rule otherwise would ignore "the unfair disadvantage which could be placed upon the cross-examiner by the simple expedient of using only privileged writings to refresh recollection. This factor, coupled with the intent to relinquish the privilege shown by their use for this purpose, convinces the Court that plaintiff should be held to have waived the attorney-client privilege as to the documents in question."

We find the above discussion in *Bailey* concerning waiver of attorney-client privilege to be particularly germane to the issue presently confronting us. Under Rule 612 an adverse party is entitled to production of a writing used for refreshing one's recollection for use on cross-examination so that he may search out any discrepancies between the writing and the testimony. If the paramount purpose of federal discovery rules is the ascertainment of the truth, the fact that a document was used to refresh one's recollection prior to his testimony instead of during his testimony is of little significance. *Compare, LaChemise Lacoste v. Alligator Company, Inc.*, 60 F.R.D. 164 (D.Del.1973). Here, as in *Bailey*, we find that plaintiff

waived the attorney-client privilege as to the documents in question by allowing their use for the purpose of refreshing Mr. Flanders' recollection.

By our decision today, we do not authorize Allied to explore plaintiff's files in a wholesale fashion. Defendant's access is limited only to those writings which may fairly be said in fact to have an impact upon the testimony of Mr. Flanders. Since Mr. Flanders selectively chose plaintiff's file marked "Communications with Counsel", Allied is hereby granted access to the contents therein. Defendant's motion to compel is granted.

## II. WHEELING–PITTSBURGH'S MOTION TO COMPEL ANSWERS TO QUESTIONS PROPOUNDED AT THE DEPOSITION OF MR. MICHAEL L. LOWENTHAL

Plaintiff, Wheeling-Pittsburgh, seeks an order from this Court compelling Mr. Michael L. Lowenthal, Vice President for Finance of defendant Allied, to answer oral deposition questions concerning his calculation of damages alleged in Allied's counterclaim. On advice of counsel, Mr. Lowenthal has refused to answer claiming that such inquiry is violative of the work-product doctrine. We disagree and order Mr. Lowenthal to answer plaintiff's questions concerning Allied's calculation of damages.

The present dispute between the parties arises from certain interrogatories propounded by Wheeling-Pittsburgh to Allied regarding the nature of damages as alleged by Allied in its counterclaim. Pursuant to said request, Allied undertook the arduous task of calculating its damages utilizing documents which previously had been or subsequently were made available to counsel for plaintiff. On November 30, 1977, Allied answered plaintiff's damage interrogatories in commendable detail.

In preparing its answers to plaintiff's damage interrogatories, Allied admittedly conferred with Mr. Lowenthal regarding certain questions about the calculations and occasionally requested Mr. Lowenthal to accumulate or generate certain data relevant to the calculations. In essence plaintiff Wheeling-Pittsburgh seeks to discover the methodology and rationale employed by Mr. Lowenthal in determining Allied's damage calculations. Defendant Allied argues that the information sought by plaintiff would require the disclosure of the thought processes, opinions and theories of Allied's counsel concerning Allied's damage claim in violation of the work-product doctrine. We cannot agree.

A brief excerpt from Mr. Lowenthal's deposition hearing held on May 31, 1978 will better serve to illustrate the nature of the present dispute between the parties.

By Mr. Kennedy:

Q. I would like to refer you to page 2 of Lowenthal Exhibit 22. I refer you to the table which appears at the top of page 2. Did you prepare that table, Mr. Lowenthal?

A. No, I did not.

Q. To your knowledge did you supply any of the information that appears there?

A. Yes.

Q. And what information that appears there did you supply?

Mr. Futterman:

Again, Mr. Lowenthal, if it requires you to disclose any conversation that you had with counsel for Allied in the case, I would instruct you not to answer the question. If you can do that without disclosing any such conversations, you may answer the question.

By the Witness:

All work was done in direct conjunction with the attorneys, and therefore on advice of counsel, I guess I don't have to answer. . . .

By Mr. Kennedy:

Q. Directing your attention to the Lost Profits Table on page 2 again, and to the first phrase on that left-hand column where it says "Lost Profits and Overhead from IMC not sold", do you know how the lost profit and overhead from IMC figures for the

months July through December '74 was calculated?

Mr. Futterman:

Same instruction, Mr. Lowenthal . . .

The Witness:

The question was do I know how, and yes, I know how. . . .

By Mr. Kennedy:

Q. Can you tell me, Mr. Lowenthal, how those figures were arrived at?

A. No, I can't, on instruction of counsel. . . .

Q. Directing your attention to the expression next below the one we just discussed, and referring again to the left hand column, "variable costs producing inventory that would not have been produced", do you know what that means?

A. Yes

Q. Can you tell me what it means?

A. On advise of counsel, no. . . .

This Court is of the opinion that the information sought by plaintiff Wheeling-Pittsburgh does not constitute the work product of a lawyer, described in *Hickman v. Taylor*, 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947), as

"written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties."

Even if we were to consider the information to be work product, this Court finds that plaintiff has established good cause to justify its disclosure.

In answer to plaintiff's interrogatories, defendant Allied provided plaintiff Wheeling-Pittsburgh with detailed compilations of statistical data in support of its damage claim. Such statistical data cannot properly be analyzed and evaluated without some knowledge as to the rationale employed in arriving at such figures. Without the additional information requested by plaintiff, the material presently supplied by defendant would prove meaningless.

Moreover, we agree with plaintiff that defendant Allied will eventually have to disclose the requested information at trial if it is to prove its damages. We see no reason for delaying the disclosure until trial. *See, Burlage v. Haudenshield*, 42 F.R.D. 397 (N.D.Iowa, 1967).

In light of the importance of the information to the merits of defendant's claim for damages, the impossibility of plaintiff to acquire the needed information for itself, and the relatively inconsequential prejudice, if any, to the defendant, we grant plaintiff Wheeling-Pittsburgh's motion to compel.

Each party to bear its own costs concerning their respective motions.