JOS. SCHLITZ BREWING CO., Plaintiff,

v.

MULLER & PHIPPS (HAWAII), LTD., Defendant.

Civ. No. 78–0474–CV–W–6.

United States District Court, W. D. Missouri, W. D.

Jan. 4, 1980.

Paul Scott Kelly, Jr., and George P. Coughlin, Gage & Tucker, Kansas City, Mo., for plaintiff.

David Skeer, Ryder, Skeer, Rose & Frensley, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SACHS, District Judge.

In this proceeding seeking specific performance of an alleged settlement agreement which would reduce plaintiff's obligation under an arbitration award, plaintiff (Schlitz) has moved for an order compelling production of an attorney's correspondence file, consisting of some thirty-nine documents supplied to the Court for *in camera* inspection.

The attorney, McTavish, was apparently the principal negotiator for defendant (Muller), in the pertinent settlement discussions with a Schlitz attorney. Schlitz contends the McTavish testimony on deposition caused Muller to lose the right to invoke the attorney-client privilege, because McTavish testified that, before his deposition, he had "looked at" his correspondence file pertaining to the settlement negotiations. The Court has determined that correspondence in the file included extensive communications between McTavish and other attorneys representing Muller in this controversy and other litigation. Schlitz contends that under Rule 612, Federal Rules of Evidence,

a major change in practice has occurred, whereby documents examined by a witness before testifying are thrown open for inspection, and all privileges are lost when a witness follows this procedure.

While an early draft of the Federal Rules of Evidence did attempt a material modification of prior practice, Congressional changes in the language of the proposed Rule and the explanation of Rule 612 by the House Committee on the Judiciary indicate that little if any widening of disclosure obligations has occurred. The language ultimately adopted is said to codify "existing federal law." *Federal Rules of Evidence With Notes By The Federal Judicial Center, Pertinent Advisory Committee Notes And Relevant Legislative History* (1975), page 74. The House Judiciary Committee further intended that "nothing in the Rule (612) be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." Ibid. Congressman (now Judge) Hungate asserted in debate that the attorney-client privilege would not be sacrificed. 3 *Weinstein's Evidence* 612-4.

In its earlier form, Rule 612 would not have distinguished in any way between writings used *while* testifying and writings examined *before* testifying. The requirement that the witness have actually used a writing to refresh his memory for the purpose of testifying was said by the Advisory Committee to provide a "safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files . . . ." *Federal Rules of Evidence With Notes*, supra, page 73. While the meaning of this comment is not entirely clear, the Court believes the present case places it in focus. There was no attempt in taking the McTavish deposition to have him identify selected papers in his correspondence file that he may actually have examined; on the contrary, counsel apparently hoped the entire file had been opened to discovery by the fact that McTavish may have looked at it prior to testifying.[1]

---

1. While counsel's tactic was well designed for obtaining maximum disclosure, it runs afoul of

a consideration recommended by Judge Weinstein, that the Court consider "the degree to

■ The Rule itself is worded in terms of a single document, although doubtless a series of documents would sometimes qualify, if there were testimony definitely showing that each document had been studied by the witness prior to testifying. No such showing has been made in this case, and the Court concludes there was insufficient establishment of actual use of any of the various documents, so as to authorize plaintiff to invoke Rule 612.

■ It is not necessary to consider whether the attorney-client privilege would also remain as an additional total bar to disclosure, or whether waiver might sometimes be implied. The Rule as adopted distinguishes between documents used in testifying and documents reviewed before testifying. As to the latter, disclosure is only required "if the court in its discretion determines it is necessary in the interests of justice." In light of the House Judiciary Committee Report, and Judge Hungate's comments during the debate, an otherwise privileged document should doubtless be given special discretionary safeguards against disclosure.

Examination of the thirty-nine documents now before the Court shows that many of them are typical, sensitive, lawyer-to-lawyer items, discussing tactics and evaluating issues in this case and in antitrust litigation in Hawaii. As a matter of discretion, the Court would probably not require their disclosure even if McTavish had testified that he had recently reviewed a particular letter to San Francisco or Kansas City counsel.[2] In the absence of such identification, the whole file itself cannot be opened

to examination by Schlitz, and the motion to compel production will be overruled.

SO ORDERED.

---

which the witness apparently relied upon the writing." 3 *Weinstein's Evidence* 612–35. Heavy reliance on a particular document would be a factor favoring disclosure.

2. Schlitz suggests that disclosure of the correspondence might greatly assist in arriving at the truth in this controversy, in that unguarded remarks contained in the correspondence might put the whole controversy in a different light. The attorney-client privilege is designed, however, to override this consideration. Adoption

of a waiver theory seems dubious as a matter of policy, moreover, in that it would encourage the sophisticated prospective witness to avoid refreshing recollections prior to testifying, or to use a "coach" who has examined the documents, rather than the documents themselves. It seems likely that truthful and accurate testimony by a prospective witness will be assisted by reviewing files, and the Court believes the useful discipline of such examination probably outweighs the danger of fabrication and mistake caused by reliance on undisclosed writings.