## In re COMAIR AIR DISASTER LITIGATION.

### No. 79–104.

United States District Court,
E.D. Kentucky,
Covington Division.

Nov. 8, 1983.

David D. Dodge, Cincinnati, Ohio and Donald L. Johnson, Newport, Ky., for plaintiff Florence Oatts, executrix of the Estate of Thomas J. Oatts, deceased.

Harry L. Riggs, Jr., Erlanger, Ky., for plaintiff Virginia Ann Myers, executrix of the Estate of Alton Myers, Deceased and plaintiff Mary Jones, executrix of the Estate of Douglas K. Jones, deceased.

Richard H. Glazer, Cincinnati, Ohio, for plaintiff Virginia Ann Myers, executrix of the Estate of Alton Myers, deceased.

George Elliott, Middletown, Ohio, for plaintiff Mary Jones, executrix of the Estate of Douglas K. Jones, deceased.

James N. Howard, Fort Mitchell, Ky., for plaintiff Katrina Lake, Adm'r of the Estate of Jeffrey Downey Lake, deceased.

John W. Beatty, Cincinnati, Ohio, for defendant and third-party plaintiff Comair, Inc.

Arnold Taylor and John J. O'Hara, Covington, Ky., for defendant Piper Aircraft Corp.

Charles J. Cronan, IV, Louisville, Ky., for defendant Avco Corp., Lycoming Div.

Rodney S. Bryson, Covington, Ky., for defendant The Garrett Corp., Airesearch Industrial Div.

John L. Bennett and Lee E. Sitlinger, Louisville, Ky., for defendant G & N Aircraft, Inc., a/k/a G & N Aircraft Sales, Inc.

Fredric F. Tilton, Cincinnati, Ohio and Richard Slukich, Covington, Ky., for defendant Daniel Synder, d/b/a The Accessory Shop.

## OPINION

BERTELSMAN, District Judge.

This matter is before the court on Comair's motion to compel production of an internal accident report, prepared by the defendant Piper Aircraft Corporation (Piper). Production is resisted on the grounds of work product. Resolution of the motion requires the court to interpret F.R.Ev. 612.

## FACTS

This dispute arises from the crash of Comair's Piper "Navajo" aircraft on October 8, 1979, at the Greater Cincinnati International Airport located in this district. Comair has sued Piper on a general negligence theory as to the adequacy of Piper's warnings to Navajo pilots and on a products liability theory alleging design defects in the aircraft.

After the accident, Piper's employee Fuchs investigated the accident and compiled a report thereon. The National Transportation Safety Board (NTSB) also conducted an investigation of the accident and compiled a report. Fuchs was also a member of the NTSB's airworthiness group that conducted the NTSB investigation.

Comair deposed David Lawrence, the former chief of Piper's Engineering Flight Test Group, in January 1983. In preparation for that deposition, Lawrence reviewed Piper's accident report. At the deposition,

Piper's counsel instructed Lawrence not to produce the Piper report. This motion to compel followed.

## ANALYSIS

Initially, it must be pointed out that the deponent Lawrence is not an attorney, and apparently no attorneys were involved in the preparation of the internal accident report. Therefore, the attorney-client privilege is not involved.

F.R.Evi. 612 provides:

Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh his memory for the purpose of testifying, either—

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires, except that in criminal cases when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial."

There is no claim that the accident report does not relate to the subject matter of the litigation. Therefore, the court has not at this time ordered that it be produced in camera.

The issue before the court requires the court to resolve a conflict between the policies underlying the work product doctrine and the concept of free and well informed cross-examination as an assistance to the ascertainment of the truth, which is the policy underlying Rule 612.

The law in this area is in a state of flux. *See* 3 J. Weinstein, *Weinstein's Evidence* ¶ 612[04]; S. Saltzburg & K. Redden, *Federal Rules of Evidence Manual* 418 (3d Ed. 1982).

■ Relatively few cases have addressed this problem. One of the most recent is *James Julian, Inc. v. Raytheon Company,* 93 F.R.D. 138 (D.Del.1982). That case holds and this court agrees that Rule 612 applies to written materials reviewed by a witness prior to a deposition. 93 F.R.D. at 146.

■ This court holds that the correct interpretation of F.R.Evi. 612 as applied in this context was correctly stated in *Raytheon,* as follows:

"As noted, prior case law required disclosure of privileged documents used to refresh memory at the time of testimony. Plaintiff argues, based largely on legislative history, that Congress intended to limit Rule 612's expansion of prior law to non-privileged documents used to refresh witness' memory prior to testimony. As enacted, Rule 612 does limit the expansion of prior law, not, as plaintiff suggests, by exempting privileged documents, but by conditioning disclosure on the discretionary approval of the district court. It would thus appear that Congress left the task of striking a balance between the competing interests of full disclosure and the maintenance of confidentiality for case by case determination." *Raytheon, supra,* at 145.

In *Raytheon,* after performing the described balancing process, the court ordered disclosure of written materials reviewed by deponents prior to depositions, even though they contained the opinions and conclusions of counsel. The court stated that without reviewing these materials opposing counsel "cannot know or inquire into the extent to which the witnesses' testimony has been shaded by counsel's presentation of the factual background." 93 F.R.D. at 146. *See also Barrer v. Women's Nat'l Bank,* 96 F.R.D. 202 (D.D.C.1982); *Wheeling-Pittsburgh Steel v. Underwriters Laboratories,* 81 F.R.D. 8 (N.D.Ill.1978) (attorney-client privilege waived in both cases); *Berkey Photo, Inc. v. Eastman Kodak Co.,* 74 F.R.D. 613 (S.D.N.Y.1977).

■ This court also agrees with a leading text, which states that not "every time a witness looks at any document in preparation for trial, that document should be disclosed to the other side." Rather, a determination must be made regarding the extent to which the documents were consulted and relied upon, and the extent to which opinions and conclusions reflected therein, as opposed to factual recitations, ought to be redacted in the interest of preserving the policies underlying attorney-client or work product privilege. *See S. Saltzburg & K. Redden, op. cit. supra* at 418.

■ Although some authorities suggest that there is some conflict between F.R. Civ.P. 26(b)(3) and F.R.Evid. 612, this court believes that they may be read in harmony with each other. When so read, an analysis under F.R.Evid. 612 is similar to that made under F.R.Civ.P. 26(b)(3). That is, if materials qualify as work product, they are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." F.R.Civ.P. 26(b)(3). When, however, a witness has used such materials to refresh his recollection prior to testifying, F.R.Evid. 612 weights the balance in favor of finding that the "substantial need" exists, because of the policy in favor of effective cross-examination. The balancing process under both rules dovetails, however.

■ Applying these principles to the instant case, the court finds that "it is necessary in the interests of justice," (F.R.Evid. 612(2)) that the motion to compel disclosure of the report be granted.

Comair has filed uncontroverted affidavits showing that it did not have as complete access to the wreckage as did Piper. Further, Piper's employee Fuchs had a special advantage by reason of his participation on the N.T.S.B. team. The court believes that it would be unfair and unduly prejudicial to permit the deponent Lawrence to review the accident report, give a deposition with it fresh in his mind, yet keep it unavailable to opposing counsel. This court also gives great weight to the fact that no attorneys were involved in preparation of the report.

Therefore, the production of the report is ordered. Piper may, if it believes that the report contains opinions or conclusions worthy of special protection, further move the court to examine the report in camera with an eye to having portions of the report redacted, if such deletion would not result in unfairness to the opposing party.

Because of the court's resolution of this matter pursuant to Rule 612, which resolution has assumed that the material is work product, it is unnecessary for the court to address the issue of whether or not the report should be considered as prepared "in anticipation of litigation."

ORDER accordingly.