**S & A PAINTING CO., INC., a corporation, Plaintiff,**

v.

**O.W.B. CORPORATION, a corporation, and Transamerica Insurance Co., a corporation, Defendants,**

v.

**Nick S. FRANGOPOULOS, Third-Party Defendant.**

Civ. A. 82–2332.

United States District Court, W.D. Pennsylvania.

Nov. 6, 1984.

Susan A. Yohe, Pittsburgh, Pa., for plaintiff.

Jeffrey J. Bair, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

(1) This is a civil action for damages arising from a contract dispute. Defendants, O.W.B. Corporation and Transamerica Insurance Company, move to compel the production of a handwritten memorandum authored by third-party defendant, Nick S. Frangopoulos, president of plaintiff, S & A Painting Co., Inc.

(2) Jurisdiction is predicated on diversity of citizenship. 28 U.S.C. § 1332.

(3) Defendants deposed Nick S. Frangopoulos on March 6, 1984. During the course of the deposition, Frangopoulos referred to 24 pages of handwritten notes, prepared earlier at the request of counsel, setting forth the events relevant to this litigation. The parties dispute the frequency of the deponent's reference to notes.

(4) The transcript establishes that Frangopoulos examined the notes three times in order to ascertain dates and read from the notes on one occasion. Defendants seek production of the entire document pursuant to Federal Rule of Evidence 612.

■ (5) Plaintiff contends that the attorney-client privilege protects the notes from disclosure. Rule 612 provides in part:

[I]f a witness uses a writing to refresh his memory for the purpose of testifying, either—

(1) while testifying, or

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto.

Rule 612(1) applies even though Frangopoulos testified at a deposition, not a trial. Fed.R.Civ.P. 30(c).

■ (6) The attorney-client privilege is applicable to the notes in question because they constitute a communication from the

client to his lawyer which both expected to be confidential. *See Upjohn v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Moreover, the notes fall within the work-product doctrine as embodied in Fed.R.Civ.P. 26(b)(3) because they were prepared "in anticipation of litigation" for the attorney for S & A Painting Co., the party's representative under the Rule. Documents protected under Rule 26(b)(3) may be discovered "only upon a showing that the party seeking discovery has a substantial need of the materials" and cannot obtain their equivalent "without undue hardship."

■ (7) The issue here is whether Frangopoulos, by referring to his notes during the deposition, waived the attorney-client privilege and work-product protection for all or part of the document. We hold that a waiver occurred as to those portions of the notes to which reference was made, but that the bulk of the notes are protected from disclosure.

(8) Confronted with the conflict between the command of Rule 612 to disclose materials used to refresh recollection and the protections afforded by the attorney-client privilege and the work-product doctrine, the weight of authority holds that the privilege and protections are waived. *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138 (D.Del.1982) (work-product protection waived); *Marshall v. United States Postal Service*, 88 F.R.D. 348, 350 (D.D.C.1980) (attorney-client privilege waived); *Wheeling-Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.*, 81 F.R.D. 8, 9 (N.D. Ill.1978) (attorney-client privilege waived); *Bailey v. Meister-Brau, Inc.*, 57 F.R.D. 11, 13 (N.D.Ill.1972) (attorney-client privilege and work-product protection waived). Given the lack of discretion of Fed.R.Evid. 612(1), applicable here, as compared with Fed.R.Evid. 612(2), we conclude that disclosure is required of those parts of the notes to which reference was made.

(9) Defendants assert that we must order disclosure of the entire 24-page document. While such broad disclosure has been ordered when deponents reviewed entire files prior to testifying, defendants cite no case in which production was ordered of the entire material separate from those portions actually examined while testifying. *Bailey v. Meister-Brau, Inc.*, 57 F.R.D. 11 (N.D.Ill.1972), comes closest to defendants' position. In *Bailey* the court ordered production of three documents examined by the deponent while testifying, even though they were work-products and covered by the attorney-client privilege. *Id.* at 13. However, the court did not specify the extent of examination of each document. We hold that *Bailey* does not support defendants' contention that unexamined portions of documents, otherwise privileged, must be disclosed pursuant to Rule 612.

(10) *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587 (3d Cir.1984) is instructive. Although the case deals with the protection of core work product, attorney mental impressions and thought processes, the Court of Appeals noted that "Rule 612 ... does not displace the protections of Fed.R.Civ.P. 26(b)(3)." *Id.* at 595 n. 3. This suggests that Rule 612 should be construed narrowly in order to respect the protections of work-product material embodied in Rule 26(b)(3). Allowing disclosure under Rule 612 of documents protected by the work-product doctrine circumvents the requirement of "substantial need" and "undue hardship" prior to discovery under Rule 26(b)(3). While even a narrow construction of Rule 612 mandates waiver of protections for portions of documents actually used to refresh, permitting discovery of the bulk of the notes converts Rule 612, a rule of evidence, into a discovery device.

(11) Case law supports disclosure of only those portions of material that were actually used to refresh recollection. In *Jos. Schlitz Brewing Co. v. Muller & Phipps (Hawaii), Ltd.*, 85 F.R.D. 118 (W.D.Mo. 1980), the deponent, an attorney, testified that he had "looked at" his correspondence file, consisting of 39 documents, prior to testifying. The district court held that actual use of any of the documents had not been established to invoke Rule 612. *Id.* at 120. In the case at bar, defendants have

failed to show actual use by Frangopoulos of any of the notes except for several references to dates and one portion read aloud during the deposition.

(12) While *United States v. Wright*, 489 F.2d 1181 (D.C.Cir.1973), predates Rule 612, it is often cited as a leading case on the question whether an entire document must be disclosed if only part is used to refresh recollection. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 612[1] at 612–14 (1982). The *Wright* court noted:

> It is a hornbook rule of evidence that, had investigator Reeves used parts of his report to refresh his recollection while on the witness stand, the prosecution would be entitled to examine those parts of the report and would be permitted to make use of those parts of the report in cross-examining Reeves.

*Id.* at 1188. *Wright* supports our conclusion to excise those portions of the notes that were not employed to refresh recollection during testimony.

■ (13) The purposes of disclosure under Rule 612 are to test the credibility of a witness's claim that memory has been revived and to expose any discrepancies between the writing and the testimony. McCormick, *Evidence* § 9 at 17 (1972). Both purposes are served by ordering disclosure of only those portions of the document actually used to refresh recollection. A witness cannot be improperly "prompted" by material that he has not examined. Discrepancies may exist between refreshed testimony and portions of documents not referred to during testimony. But Rule 612 is not a mechanism for uncovering all prior inconsistent statements of a witness. Statements of a witness, inconsistent with testimony or not, which have not been used to refresh recollection are simply irrelevant for purposes of Rule 612.

■ (14) Rule 612 authorizes a court to excise portions of the writing which are not related to the subject matter of the testimony. Considering the policies and authorities rehearsed, we do not interpret "testimony" to mean the entire testimony of a witness during a deposition or trial. In-

stead, we believe that "testimony" should be interpreted to mean only testimony which was refreshed by the writing. Our interpretation prevents the unfairness which would result from broad disclosure merely because other parts of the writing, not used to refresh recollection, may coincide with other parts of the deponent's or witness's testimony.

(15) We will order that plaintiff produce a copy of the 24-page set of handwritten notes for *in camera* inspection. We will then order disclosure of all portions of the notes to which Frangopoulos referred during the deposition as established by the transcript. Fed.R.Civ.P. 37(a).

(16) Given our disposition, we will deny defendants' request to resume the deposition. Defendants' motion for expenses, including attorney's fees incurred in the preparation of the motion, will be denied because we find that plaintiff's opposition to the motion was substantially justified. Fed.R.Civ.P. 37(a)(4).