Faith M. DERDERIAN,

v.

POLAROID CORPORATION, William Bianchi, Lee C. Brewer, Thomas Buffum, Richard Kirkendall, William J. Ryan, Robert Brecheisen.

Civ. A. No. 88–0027–Mc.

United States District Court,
D. Massachusetts.

July 19, 1988.

14

John S. Legasey, Lisa Stern Taylor, Ardiff & Morse P.C., Danvers, Mass., for plaintiff.

Scott C. Moriearty, Ruah Donnelly Lahey, Bingham, Dana & Gould, Boston, Mass., for defendants.

MEMORANDUM AND ORDER ON MOTION OF DEFENDANT POLAROID CORPORATION TO COMPEL PRODUCTION OF DOCUMENT (# 13)

ROBERT B. COLLINGS, United States Magistrate.

Plaintiff has sued her employer, Polaroid, and several officials and/or employees of Polaroid, alleging that she was not given a promotion within Polaroid to a position in Italy because of sex discrimination. The events occurred in the period August–September, 1986. On or about September 17, 1986, after the alleged discriminatory acts had occurred, the plaintiff began keeping personal notes regarding the events which had occurred and were occurring. She reviewed the notes prior to her deposition; Polaroid, relying on Rule 612, F.R.Evid., seeks to compel production of the notes and argues that any privilege has been waived. The plaintiff resists, arguing that the materials are protected by both the attorney-client privilege and the protections afforded trial preparation materials pursuant to Rule 26(b)(3), F.R.Civ.P.

The plaintiff has filed an Affidavit, Etc. (# 18) which reads, in pertinent part, as follows:

On or about September 17, 1986, I contacted my father, S.K. Derderian, who is an attorney licensed to practice in the Commonwealth of Massachusetts, for the purpose of seeking legal advice regarding events which had occurred at Polaroid Corporation ...

My father instructed me to write down the events which had transpired, and which might occur in the future, for the purpose of communicating same to him and for the purpose of maintaining an accurate record of the events in anticipation of any future legal action that might be necessary.

It was always my understanding that these notes would be confidential between me and my attorneys.

I continue to keep such notes to the present date. After I record a conversation or series of conversations in my

notes, I send copies thereof to my attorneys pursuant to their instructions.

By the time of her deposition, plaintiff's notes totalled one-hundred pages; at her deposition, she testified that she reviewed all one-hundred pages the night before the deposition for the purpose of refreshing her memory.

It appears that the plaintiff took notes at conversations with defendants Bianchi and Brewer prior to September 17, 1986 but these notes were destroyed or discarded after the substance of them was incorporated into the notes for her attorney on or after September 17, 1986.

If the notes are not protected by the attorney-client privilege or the provisions of Rule 26(b)(3), F.R.Civ.P., they are discoverable pursuant to Rule 26(b)(1), F.R.Civ.P., as being "relevant" to the subject matter of the case.

In addition, a party who uses the materials to refresh his or her recollection may be required to produce the materials pursuant to Rule 612, F.R.Evid., which has been held to be fully applicable to testimony at depositions pursuant to Rule 30(c), F.R.Civ.P. *Sporck v. Peil*, 759 F.2d 312, 317 (3 Cir., 1985), *cert. denied*, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985).[1]

On the record before me, I find that the documents are protected by both the attorney-client privilege and Rule 26(b)(3), F.R.Civ.P. They were created for the purpose of communicating facts to counsel to enable counsel to give legal advice. They were also prepared "by" a "party," i.e., the plaintiff, "in anticipation of litigation." Rule 26(b)(3), F.R.Civ.P.; *S & A Painting Co., Inc. v. O.W.B. Corp.*, 103 F.R.D. 407, 408–09 (W.D.Pa., 1984).

■ This does not end the inquiry. By using a document to refresh recollection in connection with testimony at a deposition, a privilege or protection which previously attached to the document may be waived. *S & A Painting Co., Inc. v. O.W.B. Corp.*, *supra*, 103 F.R.D. at 409 (citing cases). *Cf.*

*Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 595 (footnote 3) (3 Cir., 1984). If the attorney-client privilege is not applicable but the materials are protected by Rule 26(b)(3), F.R.Civ.P., the fact that the witness has used the materials to refresh his or her recollection may enable the opposing party to demonstrate that a "substantial need" exists for the production of the materials. Rule 26(b)(3), F.R.Civ.P.; *In Re Comair Air Disaster Litigation*, 100 F.R.D. 350, 353 (E.D.Ky., 1983).

■ A further distinction exists. If the deponent uses the documents to refresh his or her memory "while testifying" during the deposition, Rule 612 provides that "an adverse party is entitled to have the writing produced ...". In such a situation, a waiver of any privilege or protection occurs at least as to "... those portions of the notes to which reference was made ...". *S & A Painting Co., Inc. v. O.W.B. Corp.*, *supra*, 103 F.R.D. at 409.

■ However, when a deponent does not use the documents "while testifying" but rather reviews them "before testifying," Rule 612 provides that "an adverse party is entitled to have the writing produced ..." only if "the court in its discretion determines it is necessary in the interests of justice." If the Court finds that disclosure is "... necessary in the interests of justice ...," neither the attorney-client privilege nor the protections of Rule 26(b)(3), F.R.Civ.P., will bar disclosure. When a party reviews documents before testifying at a deposition for the purpose of refreshing his or her memory and the Court finds that disclosure is "necessary in the interests of justice," any attorney-client privilege is waived, *Wheeling–Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.*, 81 F.R.D. 8, 9 (N.D.Ill., 1978), as are any protections afforded by Rule 26(b)(3), F.R.Civ.P. *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613, 616 (S.D.N.Y., 1977); *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 145 (D.Del., 1982).

---

1. The Third Circuit's holding that the provisions of Rule 612, F.R.Evid., are applicable to depositions by virtue of the provisions of Rule 30(c), F.R.Civ.P., has been questioned. *Omaha Public Power District v. Foster Wheeler Corp.*, 109 F.R.D. 615, 616–17 (D.Neb., 1986).

Some courts have adopted a rule that it is always "necessary in the interests of justice" to have disclosure of documents used by a witness to refresh his or her testimony before being deposed. *Wheeling–Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc., supra; Berkey Photo, Inc. v. Eastman Kodak Co., supra; James Julian, Inc. v. Raytheon Co., supra; Prucha v. M & N Modern Hydraulic Press Co.*, 76 F.R.D. 207, 209–10 (W.D. Wis., 1977). This view has been subject to some criticism. *See* Note, *Interactions Between Memory Refreshment and Work Product Protection Under the Federal Rules*, 88 Yale L.J. 390, 404–06 (1978). In my view, some of the criticism has merit. When Rule 612(2) is applied to require production in every instance in which a deponent uses a document to refresh his or her memory prior to testifying, the distinction between refreshment during and before testifying is, for all intents and purposes, eliminated. Thus, there is no exercise of the discretion which Congress intended to be exercised by courts in determining whether disclosure of materials used to refresh recollection before testifying is, in fact, "necessary in the interests of justice."

It is important to bear in mind that the phrase was not in Rule 612 as submitted to Congress; it was Congress which added it. In this connection, the Notes of the Committee on the Judiciary, House Report 93–650, U.S.Code Cong. & Admin.News 1974, pp. 7051, 7086, read, in pertinent part, as follows:

> As submitted to Congress, Rule 612 provided that except as set forth in 18 U.S.C. 3500, if a witness uses a writing to refresh his memory for the purpose of testifying, "either before or while testifying," an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness on it, and to introduce in evidence those portions relating to the witness' testimony. The Committee amended the Rule so as still to require the production of writings used by a witness while testifying, but to render the production of writings used by a witness to refresh his memory before testifying discretionary with the

court in the interests of justice, as is the case under existing federal law. See *Goldman v. United States*, 316 U.S. 129 [62 S.Ct. 993, 86 L.Ed. 1322] (1942). The Committee considered that permitting an adverse party to require the production of writings used before testifying could result in fishing expeditions among a multitude of papers which a witness may have used in preparing for trial.

Thus, Congress intended for courts to treat refreshment before testifying in a different manner than refreshment while testifying; those courts which hold that disclosure of materials reviewed before testifying is always "necessary in the interests of justice" ignore the rather clear Congressional intent.

In addition, the First Circuit Court of Appeals has approved the exercise of discretion in ordering disclosure of materials reviewed prior to testifying. In the case of *Smith & Wesson v. United States*, 782 F.2d 1074, 1083 (1 Cir., 1986), the Court affirmed a ruling by the District Court which refused to turn over a report which a witness had reviewed prior to testifying. A redacted copy of the report had been turned over, but disclosure of the complete report was demanded since the witness had reviewed the complete report before testifying. The First Circuit ruled that there was no abuse of discretion in the District Court's ruling that "disclosure [of the entire report] was not necessary 'in the interests of justice.'" *Id.* citing *United States v. Massachusetts Maritime Academy*, 762 F.2d 142, 157 (1 Cir., 1985) (other citations omitted).

Accordingly, I decline to follow the line of cases which hold, either explicitly or implicitly, that disclosure is always "necessary in the interests of justice" when a witness has reviewed a document prior to testifying either at a deposition or at trial.

In the case at bar, Polaroid has not demonstrated to me that disclosure of plaintiff's notes is "necessary in the interests of justice." This is not a case in which Polaroid does not have equal access to the events which are the subject matter of the

notes. The notes presumably are of meetings and communications which the plaintiff has had with agents and/or employees of Polaroid; Polaroid has full access to those agents and/or employees in order to obtain evidence respecting the meetings and communications. This fact distinguishes the instant case from the facts of the case of *In Re Comair Air Disaster Litigation, supra,* 100 F.R.D. at 353, in which the deponent had reviewed an accident report before testifying and the accident report was based, in part, on the examination of the wreckage of aircraft to which the party taking the deposition had not had "as complete access." *Id.* at 354. Similarly, this is not a case in which there was any delay in Polaroid being notified of the plaintiff's claims. In *Prucha v. M & N Modern Hydraulic Press Co., supra,* 76 F.R.D. at 210, "... the lapse of time between plaintiff's accident and the time when defendants were informed of it ..." was a factor upon which disclosure was ordered. This factor is simply not present in this case.

In short, the only basis on which Polaroid claims that production of the notes is "necessary in the interests of justice" is the following:

> In view of the lapse of time since Plaintiff's recordation of events occurring in 1986, and the extensiveness of Plaintiff's contemporaneous record, a full and fair examination of Plaintiff's memory and credibility cannot be conducted without access to this document. Without reviewing Plaintiff's notes, Polaroid is unable to explore discrepancies between Plaintiff's Complaint and her notes, and may also be deprived of access to substantive evidence in the form of admissions and statements against interest. See *Hickman v. Taylor,* 329 U.S. 495, 515 [67 S.Ct. 385, 395, 91 L.Ed. 451] (1947) ("It seems clear and has long been recognized that discovery should provide a party access to everything that is evidence in the case"). In these circumstances, disclosure of Plaintiff's notes is clearly warranted.

Memorandum, Etc. (# 14) at p. 8.

In the circumstances of this case, these factors do not make disclosure at this time "necessary in the interests of justice." The lapse of eighteen months from the first events about which notes were taken (September, 1986) to the date of the deposition (March, 1988) is simply not that long a period of time, especially when all parties were aware of the events which form the basis of this dispute in September, 1986. I can see no basis on which the decision as to whether or not to order disclosure depends on the "extensiveness" of plaintiff's note-taking. Lastly, Rule 612, F.R.Evid., is a rule of *evidence,* not a rule of *discovery. Sporck v. Peil, supra,* 759 F.2d at 317. The fact that what the plaintiff has written down may contain "admissions" and/or "statements against interest" is not a ground for ordering disclosure. The sole purpose of the rule is to allow disclosure when necessary "to promote the search of credibility and memory" as a result of the use of documents to refresh recollection. *Id.* (quoting from Advisory Committee Notes to Rule 612, F.R.Evid.).

Lastly, I note that while it is entirely proper to explore issues of credibility and to test a party's memory at a deposition, there is a certain extent to which the broader exploration of those issues is best left to the time of trial when the party testifies. The issues of credibility are more clearly drawn at that time, and the trier of fact is in a far better position at that time to order production of the notes for an *in camera* inspection and to determine whether disclosure to Polaroid's counsel is "necessary in the interests of justice." Considering the fact that the notes are subject to the attorney-client privilege and work-product protections, the fact that the lapse of time between the making of the notes and plaintiff's deposition is not that great, the fact that Polaroid has had knowledge of this dispute since its very inception and the fact that Polaroid has had complete access to those of its agents and/or employees with whom the plaintiff communicated or met, I find that it is not "necessary in the interests of justice" for Polaroid to have access to plaintiff's notes at this time.

I make no ruling whatever on whether or not the trial judge, in his discretion, might

order disclosure at the time of plaintiff's testimony at trial regardless of whether plaintiff again reviews her notes before testifying at trial. In this connection, I shall order that the plaintiff preserve all her notes and that plaintiff not destroy any of the notes which she read prior to the taking of her deposition or any of the notes respecting the case she has made since her deposition or may make in the future.

Accordingly, it is ORDERED that the Motion Of Defendant Polaroid Corporation to Compel Production Of Document (# 13) be, and the same hereby is, DENIED without prejudice to renewing said motion at trial. The plaintiff is ORDERED to preserve all of the notes which she reviewed prior to her deposition and all notes which she has taken or takes in the future respecting this case and to have all of the notes either in her personal possession or in the personal possession of her counsel at the trial of the above-styled case.