**FERDINAND TREASURE, Plaintiff**
**v.**
**HESS OIL VIRGIN ISLANDS CORP., and ST. CROIX BASIC SERVICES, INC., Defendants**

Civ. No. 949/1993

Territorial Court of the Virgin Islands

Div. of St. Croix

July 9, 1997

Lee J. Rohn, Esq., (Law Offices of Rohn & Cusick), St. Croix, U.S.V.I., *for Plaintiff*

Daryl C. Barnes, Esq., (Bryant, White & Barnes, P.C.), St. Croix, U.S.V.I., *for Defendant HOVIC*

George S. Eltman, Esq., (Nichols, Newman & Silverlight), St. Croix, U.S.V.I., *for Defendant St. Croix Basic Services, Inc.*

CABRET, *Judge*

## MEMORANDUM OPINION AND ORDER

In this negligence action, plaintiff moves the Court to compel defendant St. Croix Basic Services, Inc. ("SCBS") to produce certain documents Patrick Fitzpatrick ("Fitzpatrick"), Shift Manager of SCBS, brought to his March 20, 1995 deposition. Defendant SCBS opposes the motion. On April 24, 1997, SCBS was ordered to submit the contested documents to the Court for an *in camera* inspection.[1]

This dispute arose during plaintiff's March 20, 1995 deposition of Fitzpatrick. It appears that while Mr. Fitzpatrick was being deposed, counsel for plaintiff became aware of his file and questioned him about its contents. Counsel for SCBS vehemently objected and directed Mr. Fitzpatrick not to respond to the

---

[1] The following documents were reviewed by the Court: 1) handwritten notes made by Mr. Fitzpatrick; 2) three fax transmittal logs and memorandum referring to the deposition; 3) a letter from Mr. Fitzpatrick to Tommy Burgett dated March 16, 1995, notifying him of Mr. Fitzpatrick's deposition; 4) a memorandum from HOVIC to Fitzpatrick dated March 16, 1995, regarding plaintiff's accident (the two incident reports attached to this memorandum were produced during Fitzpatrick's deposition and are not subject to the current dispute); 5) a memorandum from Fitzpatrick to Randy Milligan, SCBS, Project Manager, dated March 16, 1995, notifying him of Mr. Fitzpatrick's deposition.

questions, nor to read or hand over his written notes.[2] Counsel's objection was based upon a claim that anything prepared during the course of litigation is privileged.

Plaintiff claims that the documents contained in Mr. Fitzpatrick's file are discoverable. In support of his motion, plaintiff contends that RULE 612 of the FEDERAL RULES OF EVIDENCE permits an opponent to examine materials used by a witness to refresh his memory for the purpose of testifying. Plaintiff further maintains that the use of documents by a witness for such a purpose results in the waiver of any asserted privileges.

In opposition to said motion, defendant SCBS states that although Mr. Fitzpatrick brought his own file into the deposition room, he did not refer to the contents of the file to refresh his recollection during the deposition. SCBS also states that all of the documents sought by plaintiffs concern the deposition or preparation for the deposition and are outside the scope of discovery. SCBS further claims that the items sought were made during the course of litigation and in connection with a litigation-related activity and plaintiff's motion should be denied as it attempts to intrude upon the attorney-client privilege.

To the extent that SCBS relies on the attorney-client privilege, the Court rejects said objection, as the defendant has not supported this claim. As a general rule, "communications found by the judge to have been between lawyer and his client in the course of that relationship and in professional confidence, are privileged." 5 V.I.C. § 854(1). Defendant suggests that the materials are privileged because they were prepared in connection with a meeting with counsel for SCBS, and SCBS is Mr. Fitzpatrick's employer. Such a suggestion ignores the clear and unambiguous language of § 854(1), which requires a confidential communication between a lawyer and his or her client. Further, the district court in *Olive v. Isherwood, Hunter & Diehm*, 23 V.I. 168, 656 F. Supp. 1171 (D.C.V.I. 1987), stated that the essential elements of the attorney-client privilege were as follows:"

---

[2] Although the file contained several documents, Mr. Fitzpatrick's handwritten notes appear to be the focus of the dispute.

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to the fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding and not (d) for the purpose of committing a crime or tort and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Olive*, 23 V.I. at 172 (*citing United States v. United Shoe Machinery*, 89 F. Supp. 357, 358-59 (D. Mass. 1950). *See also* 8 WIGMORE ON EVIDENCE § 2292 (1961).

■ In this case, SCBS has failed to establish the first essential element. It has not been shown to the satisfaction of the Court that Mr. Fitzpatrick, at the time of his meeting, was or sought to become a client of Attorney George Eltman. The privilege, however, could apply if Mr. Fitzpatrick's deposition was taken pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6), as a representative for SCBS, but SCBS has neither alleged nor established that it designated Mr. Fitzpatrick to testify on its behalf. Further, the record unequivocally reveals that Fitzpatrick's deposition was taken not as an officer, director or managing agent of SCBS, but as a fact witness in this case. Consequently, the attorney-client privilege cannot be triggered where here, as between Mr. Fitzpatrick and counsel for SCBS, there is no attorney-client relationship. Thus, to the extent that the items in Mr. Fitzpatrick's file are not protected by the attorney-client privilege, they may be discoverable pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1).[3]

As noted earlier, plaintiff relies on FEDERAL RULE OF EVIDENCE 612 for disclosure. However, reference to this rule indicates that the materials contained in Mr. Fitzpatrick's file should not be disclosed. RULE 612 provides in relevant part:

---

[3] The Court, however, does not adopt a *per se* rule that requires a witness to surrender everything that he or she brings into the deposition room.

[I]f a witness uses a writing to refresh memory for the purpose of testifying, either

    (1) while testifying, or

    (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

The sole purpose of RULE 612 is "to promote the search of credibility and evidence." *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985) (citing the advisory committee note to Rule 612). In *Sporck*, the Third Circuit held that although applicable to depositions and deposition testimony, RULE 612 is a rule of evidence, and not a rule of discovery. *Sporck*, 759 F.2d at 317. Further, the Supreme Court has cautioned that "a trial court should exercise discretion to guard against fishing expeditions among papers which a witness may have used in preparing for trial." *Sporck*, 759 F.2d at 318 (*citing Goldman v. United States*, 316 U.S. 129, 132 (1942)).

■ In the case at bar, it is clear that subsection (1) of Rule 612 is inapplicable, because there is nothing in the record to suggest that Mr. Fitzpatrick used his file to refresh his recollection while testifying at his deposition. In fact, Fitzpatrick did not refer to these items at all except to identify them at the insistence of plaintiff's counsel. Mr. Fitzpatrick did, however, admit that the file contained some notes he had written down before, during and after his meeting with Attorney George Eltman.[4] Mr. Fitzpatrick also stated that he wrote down some of his thoughts before his meeting with Attorney Eltman to aid his recollection of the facts in this case.[5]

Nowhere in the transcript does Mr. Fitzpatrick indicate that he used his notes to refresh his recollection before testifying at his deposition. Thus, this is not a case where the witness reviewed a previously recorded statement prior to testifying. Rather, what occurred is that Mr. Fitzpatrick wrote down some of his thoughts

---

[4] Tr. of Dep. at 17, attached to Pltf's Mot. To Compel.

[5] Tr. of Dep. at 17.

*before his meeting with Attorney Eltman*, and did not, as is required by RULE 612, use that writing to refresh his memory prior to and for the purpose of testifying. This fact distinguishes the instant case from the facts of *S & A Painting Co., Inc. v. O.W.B. Corp.*, 103 F.R.D. 407 (D.C.Pa. 1984), in which the deponent actually examined materials during his testimony. Similarly, this is not a case in which counsel prepared a binder full of materials actually reviewed by several witnesses prior to their depositions. In *James Julien, Inc. v. Raytheon Co.*, 93 F.R.D. 138 (D.C.Del. 1982), the court found that the binders were entitled to work product protection, but concluded that the protection was waived because without reviewing the binders, the defendants' counsel could not know the extent to which the witnesses' testimony had been shaded by counsel presentation. 93 F.R.D. at 146. This factor is simply not present in this case. Plaintiff has failed to establish the actual use of any of the various documents contained in Mr. Fitzpatrick's file, so as to authorize the invocation of RULE 612.

■ Even if the Court found that a writing had been used to refresh Mr. Fitzpatrick's memory before testifying, the Court may require disclosure of the document *only* if in its discretion, it determines disclosure is "necessary in the interest of justice." FED. R. EVID. 612. The only basis upon which plaintiff claims that production of the documents is required is his alleged inability to know whether there are discrepancies between the documents and Fitzpatrick's testimony or whether Fitzpatrick revealed the entirety of the writings in his testimony. RULE 612, however, is not a vehicle for a plenary search for contradictory or rebutting evidence that may be in a file, but rather is a means to refresh recollection of the witness to the witness' past perception about a writing. *United States v. Sheffield*, 55 F.3d 342, 343 (8th Cir. 1995); *See also* 28 WRIGHT & GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6185 (1993).

## CONCLUSION

Disclosure of the five items in Mr. Fitzpatrick's file is not warranted because counsel for plaintiff has failed to establish either that Mr. Fitzpatrick used his notes to refresh his recollection prior to testifying at his deposition, relied on any documents in

giving his testimony, or that those documents influenced his testimony. The mere fact that Fitzpatrick stated that he wrote down his thoughts to aid his recollection of the facts of the case prior to a meeting with counsel for SCBS is inconsequential because the sole purpose of the rule is to allow disclosure when necessary to "promote the search of credibility and memory"[6] where a writing is used "for the purpose of testifying."[7] Such is not the case here. Consequently, the items at issue here fall outside the scope of Rule 612, and the items contained in Mr. Fitzpatrick's file should not be disclosed for purposes of inspection or impeachment. An appropriate order will issue.

## ORDER

THIS MATTER came before the Court on motion of plaintiff to compel the production of certain documents and defendant, St. Croix Basic Services, Inc.'s ("SCBS") opposition thereto. In accordance with the memorandum opinion of even date, it is hereby

ORDERED that plaintiff's motion to compel is DENIED.

DONE AND SO ORDERED this 9th day of July, 1997.

---

[6] FED. R. EVID. 612 Advisory Committee's Notes.
[7] FED. R. EVID. 612.