Petition of the **MASSACHUSETTS TRUSTEES OF EASTERN GAS AND FUEL ASSOCIATES, Mystic Steamship Division as Owners of THE S.S. MALDEN, for exoneration from or limitation of liability in a cause of limitation of liability, civil and maritime.**

**Adm. No. 8082.**

United States District Court
E. D. Virginia,
Norfolk Division.

Jan. 3, 1962.

Charles R. Dalton, Jr., Robert M. Hughes, III, and Seawell, McCoy, Winston & Dalton, Norfolk, Va., for petitioner.

Robert D. Klages and Alan Raywid, Attys., Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., for claimant, United States.

THOMSEN, District Judge, sitting by designation.

Claimant, United States of America, has moved this court (a) to suppress the deposition *de bene esse* of Henry T. Mc-

Fadden, taken on behalf of petitioner on November 10, 1961, on the ground that petitioner improperly frustrated the cross-examination of the deponent by refusing to produce, on timely demand by claimant's advocate, a written statement admittedly used by the deponent to refresh his memory immediately before the deposition was begun, or (b) for such other relief as the court may deem appropriate and just. For sufficient reasons it was impractical for claimant's counsel to obtain before the termination of the deposition a ruling from the court on their motion for production of the document. The parties have therefore agreed that if the court rules that the statement should have been produced in response to claimant's demand, it will be filed with the deposition at the time of the trial so that it may be considered by the court in determining the credibility of the witness.

■ The statement had been given by the deponent to petitioner's counsel in the course of their investigation of the collision involved in this proceeding; it was attorneys' work product, not ordinarily discoverable. Buining v. The S. S. Transporter, D.Md., 171 F.Supp. 127, 465.

■ When a witness uses a statement (or any other writing or object) to refresh his recollection while he is on the stand, the cross-examiner is entitled to inspect the statement so that he may object to its use if ground appears, or have it available for reference in cross-examining the witness. The few reported decisions are not in harmony as to whether the right to demand inspection is limited to writings used by the witness on the stand, or applies also to writings used by the witness to refresh his memory before he testifies.

■ The rule in admiralty is or should be that if a witness refreshes his recollection from a statement (or any other writing or object) before taking the stand and relies on what was contained therein, the cross-examiner is entitled to inspect so much of the statement as bears directly on the testimony given on the stand, whether it supports or contradicts that testimony. The Alpha, E.D.Pa., 44 F.Supp. 809, at 815; 3 Wigmore on Evidence, 3rd ed., sec. 762; McCormick on Evidence, sec. 9, p. 17. If other material is contained in the statement it may be excised by the judge after a preliminary examination, as is done when the government objects to disclosing portions of statements demanded under 18 U.S.C.A. § 3500. See Palermo v. United States, 360 U.S. 343, 354, 79 S.Ct. 1217, 3 L.Ed. 2d 1287; United States v. Certain Parcels of Land, S.D.Cal., 15 F.R.D. 224, 231–232; United States v. Proctor & Gamble Co., D.N.J., 25 F.R.D. 485, 491. The Jencks case, Jencks v. U. S., 353 U.S 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, and the resulting statute have rendered obsolete on this point such cases as Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322, and Lennon v. United States, 8 Cir., 20 F.2d 490.[1]

■ The rule stated in the foregoing paragraph should apply in the taking of depositions, see Schwartz v. Broadcast Music, S.D.N.Y., 16 F.R.D. 31, 33, with procedure and sanctions adapted to the particular situation. The agreement of counsel, stated above, indicates the appropriate relief in this case.

1. Whatever the rule may be with respect to statements furnished pursuant to 18 U.S.C.A. § 3500, if in this admiralty case a statement which was used by a witness to refresh his recollection before taking the stand is called for and examined by counsel for the other side but is not offered in evidence by him, the statement (or the appropriate parts thereof as determined by the judge) may then be offered in evidence by the party who produced the statement.