David J. PRUCHA, Plaintiff,

**M & N MODERN HYDRAULIC PRESS COMPANY, a Foreign Corporation, United States Fidelity and Guarantee Company, a Foreign Insurance Company, and St. Paul Fire & Marine Insurance Company, a Foreign Insurance Company, Defendants.**

Civ. A. No. 74–C–377.

United States District Court,
W. D. Wisconsin.

Sept. 15, 1977.

Robert Studt, Madison, Wis., and Thomas D. Brader, Madison, Wis., for plaintiff.

John A. Kluwin, Milwaukee, Wis., for defendants M & N Modern Hydraulic Press Co. and United States Fidelity & Guaranty Co.

Carroll Metzner, Madison, Wis., for defendants M & N Modern Hydraulic Press Co. and St. Paul Fire & Marine Ins. Co.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On December 12, 1972, the plaintiff David J. Prucha was injured in an accident while working at Madison-Kipp Corporation, Madison, Wisconsin. Plaintiff has continued to receive payments from his employer's compensation liability insurer, American Motorists Insurance Company ("American Motorists"). The present action also arises out of the accident and is a suit for money damages against the manufacturer of the machinery on which plaintiff was working when the accident occurred, M & N Modern Hydraulic Press Company, and its insurers. Two motions relative to discovery proceedings are now pending in this action and are the subject of this decision.

On November 22, 1976, United States Magistrate Barbara Crabb issued a decision in regard to certain discovery motions then pending before the U. S. District Court for the Western District of Wisconsin. Following assignment of the case to the undersigned, plaintiff on December 1, 1976, moved for reconsideration of that portion of Magistrate Crabb's order which requires Mr. Robert Studt, one of the attorneys for plaintiff, to provide Mr. Kluwin and Mr. Metzner, attorneys for the defendants, with: "(1) copies of all statements of persons interviewed [by Mr. Studt] at or around the time of plaintiff's accident." At the time those statements were taken, Mr. Studt was retained by American Motorists and was acting on its behalf. Subsequently he was retained by plaintiff to prosecute this action.

Plaintiff asserts that Mr. Studt was retained by American Motorists to investigate the possibility of bringing a third party action against M & N Modern Hydraulic Press Company, that American Motorists will be entitled to share in the proceeds of

this action pursuant to § 102.29(1), Wis. Stats. (1969), in the event that plaintiff is successful and consequently has a substantial interest in the outcome of the litigation, and therefore that the statements in issue are privileged from disclosure as being the work product of an attorney.

The Court does not agree. Notwithstanding that there may be a substantial identity of interests between plaintiff and American Motorists in reference to the outcome of the present lawsuit, the fact remains that American Motorists is not a party to this lawsuit and has not requested joinder as it might have done pursuant to § 102.29, Wis. Stats. (1969). Rule 26(b)(3) of the Federal Rules of Civil Procedure provides that a party may obtain discovery of documents and tangible things otherwise discoverable "and prepared in anticipation of litigation or for trial by or for another party *or by or for that other party's representative* (including his attorney, consultant, surety, indemnitor, insurer, or agent)," only upon a showing of substantial need and undue hardship if discovery is denied. (Emphasis added.) At the time the statements were taken, Mr. Studt was acting on behalf of American Motorists and not on behalf of Mr. Prucha. While the interests of Mr. Prucha and of American Motorists may not have been in fact adverse, since it appears that American Motorists did not contest Mr. Prucha's right to receive compensation for his injury, it was not acting as his representative at that time nor has it undertaken to do so since. American Motorists was rather undertaking the investigation on its own behalf, and while its interests may have coincided with those of Mr. Prucha, that fact alone does not make American Motorists his representative or agent.

The fact that American Motorists has an interest in the outcome of this lawsuit also does not entitle plaintiff to claim immunity for the work product of American Motorist's attorney. Only American Motorists itself could make that claim, and it is not before the Court. Therefore, it is the Court's opinion that the statements in issue are not immune from discovery under Rule 26(b)(3) and that Magistrate Crabb's order must be upheld.

The second motion, which is the subject of this decision was filed by defendant St. Paul Fire and Marine Insurance Company ("St. Paul") on April 15, 1977. St. Paul seeks an order compelling plaintiff to produce and permit inspection and copying of statements read and reviewed by him in preparation for the deposition taken from him on December 27, 1976. The Court understands that there are two statements in issue, both made by the plaintiff at or around the time of the accident, one to Mr. Studt and one to some other of plaintiff's present attorneys. Both statements are in the possession and control of plaintiff's attorneys. Although the plaintiff has not responded to this motion, he did indicate by his attorneys Studt and Armstrong at the time of the deposition that he would not produce the statements for the defendants' inspection.

The Court now decides that plaintiff must produce for inspection and copying the statements relied upon by him to refresh his memory in preparation for the deposition taken from him on December 27, 1976, by Mr. Carroll Metzner. Rule 612 of the Federal Rules of Evidence provides that if a witness uses a writing to refresh his memory either while testifying, or "(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice," the adverse party is entitled to have the writing produced for its inspection at the hearing. See McCormick, Evidence, § 9 at 17–18 (1972), and 3 Wigmore, Evidence, § 762 at 140 (Chadbourn rev.ed. 1970), wherein the increasing public interest in full disclosure of the sources of a witness' testimony is discussed. Rule 30(c) of the Federal Rules of Civil Procedure provides that examination and cross-examination of witnesses at a deposition may proceed as permitted at trial under the provisions of the Federal Rules of Evidence, and the witnesses shall be under oath.

There appears to be little direct precedent for the defendant's position. See *Peti-*

**210**

tion of *Massachusetts Trustees of Eastern Gas and Fuel Associates,* 200 F.Supp. 625 (E.D.Va.1962), an admiralty case, wherein the court ordered that a statement used by a witness at a deposition prior to testifying to refresh his recollection be made available to the cross-examiner for inspection. The Court finds that in this case also the statements made by plaintiff prior to testifying at the deposition, and used by him to refresh his recollection in preparation therefor, should be made available to the defendants. In view of the increasingly liberal scope of permissible discovery, in view of the lapse of time between plaintiff's accident and the time when defendants were informed of it, which defendants allege has hampered them in the preparation of their case, and in view of the failure of the plaintiff to indicate to the Court any reasons why it should not exercise its discretion in favor of discovery in this matter, the Court finds that the ends of fairness are best served by allowing full disclosure. In so doing, the Court is not authorizing a "fishing expedition" into the files of plaintiff's attorneys. The scope of this order is expressly limited to the two statements made by plaintiff on which he relied in refreshing his recollection in preparation for the deposition of December 27, 1976.

IT IS THEREFORE ORDERED that the motion of defendant St. Paul Fire and Marine Insurance Company for an order requiring plaintiff to produce and to permit inspection and copying of the statements read and reviewed by plaintiff in preparation for his deposition taken on December 27, 1976, be and it hereby is granted.

The motion of plaintiff David J. Prucha for a reconsideration of that portion of Magistrate Crabb's order dated November 22, 1976, which requires plaintiff's attorney, Robert Studt, to provide Mr. Kluwin and Mr. Metzner with copies of all statements of persons interviewed by him at or around the time of plaintiff's accident has been granted, and the Court, having now reconsidered such portion of Magistrate Crabb's order, declines to reverse it.