**R.K. PEIL, on behalf of himself and all others similarly situated**

v.

**NATIONAL SEMICONDUCTOR CORP., Charles E. Sporck and Peter J. Sprague.**

Civ. A. No. 77–4244.

United States District Court, E.D. Pennsylvania.

Oct. 31, 1984.

Stirling Lathrop, Richard D. Greenfield, Nicholas E. Chimicles, Alfreda L. Verratti,

Greenfield & Chimicles, Haverford, Pa., for plaintiffs.

Seymour Kurland, Ian A.L. Strogatz, M. Norman Goldberger, Patrick Matusky, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Defendant, Charles E. Sporck, by his motion (Docket Entry No. 174), requests this Court to reconsider its August 22, 1984 Order (Docket Entry No. 166) requiring him to produce all documents he reviewed in preparation for his deposition.[1]

The plaintiff had sought production of those documents in his motion to compel discovery (Docket Entry No. 94). That motion was premised on Federal Rule of Evidence 612 which the plaintiff contended was made applicable to depositions by FED.R.CIV.P. 30(c). Rule 30(c) provides that at a deposition "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence." Rule 612 provides that a court may, if in its discretion it determines it is necessary in the interest of justice, order that a writing used by a witness before testifying to refresh his memory for the purpose of testifying be produced at the hearing to permit the adverse party to inspect it, to cross-examine the witness thereon and to introduce in evidence those portions which relate to the testimony of the witness.

Anticipating the defendant's claim that the documents requested were protected from discovery by the attorney work product privilege, codified in FED.R.CIV.P. 26(b)(3),[2] the plaintiff contended that the privilege had been waived by using the documents to refresh the defendant's memory prior to his deposition. As support for his argument, the plaintiff relied on several opinions which all followed the reasoning of the court in *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613 (S.D.N.Y. 1977).

> [Given the] modern views favoring broad access to materials useful for effective cross-examination, embodied in rules like 612, it is disquieting to posit that a lawyer may "aid" a witness with items of work product and then prevent totally the access that might reveal and counteract the effects of such assistance. There is much to be said for a view that a party or its lawyer, meaning to invoke the privilege, ought to use other, and different materials, available later to a cross-examiner, in the preparation of witnesses. When this simple choice emerges the decision to give the work product to the witness could well be deemed a waiver of the privilege.

*Id.* at 616. *See James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138 (D.Del.1982); *Marshall v. United States*, 88 F.R.D. 348 (D.D.C.1980); *Wheeling-Pittsburgh Steel v. Underwriters Labs*, 81 F.R.D. 8 (N.D.Ill. 1978); *Prucha v. M & N Modern Hydraulic Press Co.*, 76 F.R.D. 207 (W.D.Wis. 1977); *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11 (N.D.Ill.1972).

The defendant contended that the documents requested were not ordinary work

---

**1.** The Court's August 22, 1984 Order (Docket Entry No. 166) also denied the plaintiff's request for production of all documents mentioned by the defendant during his deposition. This aspect of the Order is not at issue.

**2.** The genesis of the work product privilege is *Hickman v. Taylor*, 329 U.S. 495, 512, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947) in which the United States Supreme Court recognized "the general policy against invading the privacy of an attorney's course of preparation." FED.R. CIV.P. 26(b)(3) provides that an attorney's work product may be discovered:

only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

product but contained his attorney's mental impressions and therefore, pursuant to FED.R.CIV.P. 26(b)(3), the court should protect them from disclosure. The protection to be afforded such work product, the defendant noted, is strong, especially "in view of the fact that 'since *Hickman v. Taylor*, [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)] the Supreme Court has never permitted intrusion in the work-product revealing the attorney's thought processes.'" *Al-Rowaishan Establishment Universal Trading & Agencies, Ltd. v. Beatrice Foods*, 92 F.R.D. 779, 781 (S.D.N.Y. 1982) (citing 3 Weinstein Evidence ¶ 612[04] at 612–40 (1981)). With respect to the requested documents the defendant did not allege that they were prepared by counsel, but rather only that they contained notations on them by counsel and were selected by counsel "from among the 100,000 documents already produced to plaintiff in discovery...." *James Julian, Inc.*, 93 F.R.D. at 144 was cited for the proposition that in a case "involving extensive document discovery, the process of selection and distillation is often more critical than pure legal research."

Having contended that the requested documents contain the mental impressions of counsel, the defendant argued that this Court should adopt the reasoning of the court in *Beatrice Foods*. In that case, the defendant sought to compel production of the digest of a deposition containing marginal notes by plaintiff's attorney which had been read by a witness in preparation for a deposition. The *Beatrice Foods* Court noted that none of the courts which concluded that the attorney work product privilege is waived by allowing review of materials by a witness had "dealt with the type of documents at issue here; that is,

those containing *solely* the mental impressions of an attorney concerning pending litigation." *Id.* at 780 (emphasis added). The Court recommended the proposal of Judge Weinstein in his treatise on Evidence that:

> If the adverse party demands material which the party producing the witness claims reflects solely the attorney's thought processes, the judge should examine the material *in camera*. Unless the judge finds that the adverse party would be hampered in testing the accuracy of the witness' testimony, he should not order production of any writings which reflect solely the attorney's mental processes.

*Id.*

Neither party cited any authority from the Third Circuit either in their memoranda of law or during a hearing held on August 22, 1984. This Court did not find *Beatrice Foods* persuasive because the documents requested by the plaintiff in this case do not contain solely the mental impressions of the defendant's attorney. In balancing the competing interests of full disclosure and the maintenance of confidentiality, this Court concluded that the defendant had waived any applicable attorney work product privilege. The Court stated that "it is disquieting to posit that a lawyer may 'aid' a witness with items of work product and then prevent totally the access that might reveal and counteract the effects of such assistance." *Berkey Photo, Inc.*, 74 F.R.D. at 616.

The defendant has sought reconsideration on the basis of *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587 (3d Cir.1984) which he contends mandates that this Court deny plaintiff's motion to compel.[3] In *Bogosian*, the defendants sought to compel produc-

---

**3.** The defendant also relies in part on *Mongeau v. Kurz*, No. 83–4054 (E.D.Pa. April 22, 1984). The court in *Mongeau* noted that despite the apparent division of authority on the issue of the propriety of court-ordered disclosure of privileged documents under Federal Rule of Evidence 612,

> these opinions can be reconciled in light of each court's recognition that court-ordered disclosure of materials used to refresh a wit-

ness' recollection prior to testifying is only appropriate when the court, in its discretion, determines that such disclosure is within the meaning of Rule 612, "necessary in the interests of justice." Thus, in any particular case, the court must examine the facts and circumstances to determine whether disclosure is warranted.

*Id.*, slip op at 4.

tion of certain memoranda prepared by plaintiff's counsel and reviewed by expert witnesses prior to their depositions which plaintiffs contended were protected from discovery because they consisted of attorney work product.[4] The court noted that the plaintiffs described the material as "documents prepared by attorneys containing solely their mental impressions and thought processes relating to the legal theories of a complex case" and, since the defendants were willing to accept this description, it would assume that the documents at issue may reflect the legal theories of the plaintiffs' attorney. *Id.* at 593. The documents, the court concluded, represented "core work product" and were therefore entitled to heightened protection.

The *Bogosian* Court held that the strong policy against disclosure of documents consisting of core attorney's work product protects such documents from disclosure. *See Bogosian,* 738 F.2d at 595. It also provided a procedure to be followed to protect core work product.

Of course, where the same document contains both facts and legal theories of the attorney, the adversary party is entitled to discovery of the facts. It would represent a retreat from the philosophy underlying the Federal Rules of Civil Procedure if a party could shield facts from disclosure by the expedient of combining them or interlacing them with core work product. Where such combinations exist, it will be necessary to redact the document so that full disclosure is made of facts presented to the expert and considered in formulating his or her opinion, while protection is accorded the legal theories and the attorney-expert dialectic. The Advisory Committee Notes also recognize this need. They state, "In enforcing [the Rule 26(b)(3) protection of lawyers' mental impressions and legal theories], the courts will

sometimes find it necessary to order disclosure of a document but with portions deleted."

*Id.*

The plaintiff concedes that *Bogosian* prohibits him from obtaining the marginal notes on the requested documents made by defendant's counsel because they represent core work product. Plaintiff contends, however, that he is entitled to the production of the documents reviewed by the defendant prior to his deposition with the marginal notes redacted, or the identification of the documents if they were previously produced by the defendant.

The defendant argues that the entire set of documents constitute core work product and are therefore protected from disclosure in their entirety. As support for his argument the defendant notes that the courts in *James Julian,* 93 F.R.D. at 144, and *Berkey Photo, Inc.,* 74 F.R.D. at 616 n. 8 recognized that the process of selecting documents for review may reveal important aspects of an attorney's understanding of the case.

■ The Court concurs with the views of the courts in *James Julian* and *Berkey Photo, Inc.* concerning the importance of the process of selecting documents and that this process constitutes work product but does not believe that it elevates those selected documents to the position of being considered *core* work product. The court's opinion in *Bogosian* was premised on the plaintiff's unchallenged characterization of the documents at issue as having been prepared by attorneys and containing solely their mental impressions and thought processes relating to the legal theories of the case. The documents requested in this case were neither prepared by attorneys nor do they contain solely the attorney's mental impressions of the case.

---

**4.** The issue before the court concerned the interaction between FED.R.CIV.P. 26(b)(3) and 26(b)(4) which provides for discovery of facts known and opinions held by experts. The court, however, commented that it believed "that the same reasoning applies to reject the contention made before the district court, but not pressed on appeal that Fed.R.Evid. 612 governing documents used to refresh a witness' memory requires disclosure." *Bogosian,* 738 F.2d at 595 n. 3.

The Court believes that the philosophy underlying the Federal Rules of Civil Procedure noted by the court in *Bogosian* and the interest of justice dictate that the plaintiff is entitled to the production of the requested documents with the marginal notes redacted or, if a particular document has been previously produced, identification of the document to enable him to identify it from among those documents previously produced.

An appropriate Order follows.

## ORDER

AND NOW, this 31st day of October, 1984, upon consideration of the plaintiff's motion to compel production of documents by defendant Charles E. Sporck (Docket Entry No. 94), defendant's memorandum in opposition to plaintiff's motion (Docket Entry No. 99), the hearing held on August 22, 1984 (Docket Entry No. 178), the Court's Order of August 22, 1984 (Docket Entry No. 164), defendant Charles E. Sporck's motion for reconsideration (Docket Entry No. 174), plaintiff's memorandum in response to defendant's motion (Docket Entry No. 175), defendant's supplemental memorandum in support of his motion for reconsideration (Docket Entry No. 177), and in accordance with the foregoing Memorandum, it is hereby ORDERED that defendant Charles E. Sporck shall produce the documents reviewed by him in preparation for his deposition, with any marginal notes or interlineations made on such documents by his counsel redacted unless the documents have already been produced, in which case, the defendant shall provide sufficient identification of each such document to permit plaintiff to identify it from among the documents previously produced by defendants.