Harold R. FINE, Plaintiff,

v.

**UNITED STATES DEPARTMENT OF ENERGY, OFFICE OF INSPECTOR GENERAL, Defendant.**

Nos. CIV–88–1033 JB, CIV–89–0031 JP.

United States District Court,
D. New Mexico.

Aug. 27, 1993.

572

Duff H. Westbrook, Albuquerque, NM, for plaintiff.

Jan Elizabeth Mitchell, Asst. U.S. Atty., Albuquerque, NM, Marian C. Bennett, Sanford J. Parnes, U.S. Dept. of Energy, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, Chief Judge.

THIS MATTER is before the Court on Defendant's July 22, 1993, motion and memorandum pursuant to Federal Rule of Civil Procedure 60(a) to correct inconsistencies in the Memorandum Opinion and Order entered March 29, 1993, 823 F.Supp. 888, ("Opinion") and Defendant's July 27, 1993, memorandum in response to Court's order to reexamine Document 129(2).

### Background

Plaintiff Harold R. Fine, while Assistant Manager for the Western Region of United States Department of Energy, Office of Inspector General (DOE/OIG), claimed certain DOE/OIG personnel manipulated a contract procurement process to favor the accounting firm of Peat, Marwick and Main. Plaintiff was admonished for discussing his concerns with others, although the admonishment was later rescinded.

Subsequently, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1977), Plaintiff requested any information possessed by Defendant about the contract procurement process and the investigation of Plaintiff, including documents concerning personnel actions involving Plaintiff.

Plaintiff appealed Defendant's decision to withhold, in whole or in part, the documents sought. The Court conducted an *in camera* inspection of sixty-two disputed documents that were responsive to Plaintiff's FOIA requests. Defendant had withheld these documents either in their entirety or with deletions pursuant to alleged FOIA exemptions. In its March 29, 1993 Opinion, the Court largely rejected Defendant's use of FOIA's exemptions and ordered Defendant to release fifty-three of the documents in their entirety or with substantially fewer deletions than originally determined by Defendant. The Court also ordered Defendant to reexamine Document 129(2) to determine whether any factual material could reasonably be segregated and released.

The Court notes that Plaintiff did not receive any of the documents ordered released by the Court for nearly four months, including those which the Court ordered released as Defendant had determined. Such a lengthy delay in implementing this Court's order is unjustified and violates the spirit of the Freedom of Information Act.

### Defendant's Motion Pursuant to Rule 60(a)

Federal Rule of Civil Procedure 60(a) provides that "clerical mistakes" in orders arising from "oversight or omission" may be corrected on the motion of any party. Rule

60(a) is not a vehicle for relitigating matters that already have been litigated and decided. 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2854 (1973). Nor may it be used to change something that was "deliberately done." *McNickle v. Bankers Life & Casualty Co.*, 888 F.2d 678, 682 (10th Cir.1989) (citing *Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir.1980)). Generally, it is a type of mistake "mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." *In re Merry Queen Transfer Corp.*, 266 F.Supp. 605, 607 (E.D.N.Y. 1967).

Defendant claims there are inconsistencies with the deletions ordered by the Court in that material deleted from one document was ordered released in another document. Further, Defendant claims identifying material is released about individuals whose names are deleted.

■ As to Defendant's claim that certain Court-ordered releases contain identifying information,[1] the Court finds it improperly raised in a Rule 60(a) motion. In its Opinion, the Court analyzed and decided what information can be released without revealing "identifying information." Defendant requests the Court revisit its determination. Judgments as to what is and is not identifying, if incorrect, involve more than a clerical error that could be remedied pursuant to Rule 60(a).

■ Defendant claims certain documents contain internal inconsistencies or inconsistencies in treatment of the same or similar information because material deleted in some documents was released in others.[2] The Court has determined that Defendant's claim is without merit, with one exception. That exception is contained in Document 41(2) on page 3. One of the entries dated 12–10–87 contains the number of days of Plaintiff's proposed suspension. This number should be deleted pursuant to Exemption 5 because as the proposed suspension never took place, the material is pre-decisional. The number was previously ordered withheld by the Court in Document 44(2).

■ As to the other alleged inconsistencies, the Court rejects Defendant's unsupported contention that because certain information is either withheld or released in a particular document, the Court should treat that information identically in other documents. The Court's *in camera* review considered each document individually in light of the FOIA exemption claimed by Defendant. The context in which material appears, particularly the names of individuals, is critical in deciding whether a FOIA exemption applies. For example, under Exemption 6, release of a name appearing in one document could prove embarrassing to the named individual but not so in a second document because the name appears in entirely different circumstances.

■ The Court also rejects Defendant's claim that the Opinion contained inconsistencies with respect to gender pronouns.[3] This claim is improperly raised in a Rule 60(a) motion. While not explicit, Defendant is arguing the gender pronouns constitute "identifying information." As discussed *supra*, Defendant questions the Court's *legal determinations* regarding identifying information; Defendant does not seek to correct alleged clerical errors. That the alleged inconsistencies involve mere pronouns does not change the nature of Defendant's objections.

■ Last, Defendant again raises the release of document 6(2), which is the handwritten draft of document 5(2). Defendant improperly asks the Court under Rule 60(a) to reconsider its decision to release document 6(2). The Court does note, however, that

---

1. The documents which Defendant claims contain identifying information are: 1(2), 5(2), 6(2), 45(2), 8(2), 20(2), 41(2), 44(2), 7(1), 8(1), 16(1), 22(1), 28(1) and 34(1).

2. Defendant makes this claim with respect to documents 1(2), 31(2), 32(2), 95(2), 68(2), 127(2), 39(1), 41(1), 43(1), 10(2), 14(2), 15(2), 20(2), 41(2), 44(2), 63(2), 9(1), 11(1), 15(1), 17(1), 20(1), and 34(1).

3. Defendant makes this claims for documents 1(2), 5(2), 127(2), 41(2), 63(2), 7(1), 8(1), 9(1), 11(1), 12(1), 15(1), 16(1), 17(1), 20(1), 22(1), 28(1) and 34(1).

certain words ordered withheld in document 6(2) were not ordered withheld in document 5(2). This is inconsistent with the Court's statement in its March 29, 1993 Opinion that Defendant release document 6(2) "subject to the same deletions as document 5." To correct this inconsistency, the Court iterates that documents 6(2) and 5(2) shall be released in an identical manner, with both subject to the deletions ordered by the Court for document 5(2) in its previous Opinion.

### Defendant's Memorandum in Response to Court's Order to Reexamine Document 129(2)

Document 129(2) consists of twenty-five pages of handwritten notes prepared by the Office of Inspector General Counsel. Defendant withheld the entire document as attorney work-product. The Court accepted Defendant's position that Document 129(2) was attorney work-product protected under Exemption 5. The Court, however, ordered Defendant to determine whether any factual material could reasonably be segregated and released pursuant to 5 U.S.C. § 552(b).

■ Defendant contends that attorney work-product is protected from release in its entirety without regard to whether the document contains factual material. Plaintiff contends that, since Exemption 5 requires segregation of factual material in documents protected under the "deliberative process"[4] privilege, the same applies to attorney work-product.

■ Exemption 5 protects from disclosure those "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (1977). The application of civil discovery privileges to Exemption 5 has "bedeviled the courts since [FOIA's] inception." *Martin v. Office of Special Counsel, Merit Systems Protection Board,* 819 F.2d 1181, 1184 (D.C.Cir.1987). The Supreme Court has not specifically addressed whether factual material included in attorney work-product must be disclosed. The circuit courts are

split on the issue. One of the difficulties is that FOIA by its terms does not permit inquiry into the particularized needs of the individual requester, whereas an individual's need for the requested attorney work-product is an element of Rule 26(b)(3) of the Federal Rules of Civil Procedure.

■ Plaintiff relies upon decisions from the Fourth and Fifth Circuits. *See Deering Milliken Inc. v. Irving,* 548 F.2d 1131 (4th Cir.1977), *rev'd on other grounds,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978); *Robbins Tire & Rubber Co. v. NLRB,* 563 F.2d 724 (5th Cir.1977). *Deering Milliken* and *Robbins Tire* looked both at the purpose behind Exemption 5 and the Supreme Court's decision in *EPA v. Mink,* 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973), and held that factual material in attorney work-product cannot be withheld under FOIA. Protecting the free exchange of ideas was Congress' intent in adopting Exemption 5. Agency decisionmaking would suffer if all internal communications were made public. H.R.Rep. No. 1497, 89th Cong., 2d Sess. (1966), U.S.Code Cong. & Admin.News 1966, p. 2418 (cited in *Robbins Tire,* 563 F.2d at 735). Agency deliberative processes would be protected, however, if only purely factual material was released. *Id.* Moreover, release of factual material fulfills Congress' intent "to delimit the exception [5] as narrowly as consistent with efficient Government operation." S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965) (quoted in *Mink,* 410 U.S. at 89, 93 S.Ct. at 837).

■ *Mink* concerned an assertion of executive privilege for documents concerning underground nuclear testing prepared for the President. 410 U.S. at 75, 93 S.Ct. at 829. Based upon the purpose behind Exemption 5, the Court fashioned a distinction between "factual" and "deliberative" materials, holding that Exemption 5 does not protect factual materials. *Deering Milliken* and *Robbins Tire* found that *Mink* should be read broadly as an Exemption 5 case, not simply an executive privilege case, so that the factual-deliberative distinction also applies to attorney work-product.

---

**4.** The "deliberative process" privilege, also referred to as the executive privilege, protects advisory material created as part of the government's decisionmaking process.

The D.C. Circuit took an approach contrary to the Fourth and Fifth Circuits. *See Martin v. Office of Special Counsel, Merit Systems Protection Board,* 819 F.2d 1181 (D.C.Cir.1987). *Martin* looked at the plain language of Exemption 5 and found it incorporated all civil discovery rules. *Mink,* the D.C. Circuit concluded, should not be extended to include the work-product privilege. *Martin* also emphasized that applying the factual-deliberative distinction to a work-product case effectively allowed FOIA to be used to supplement civil discovery which the Supreme Court has consistently rejected. *See United States v. Weber Aircraft Corp.,* 465 U.S. 792, 801, 104 S.Ct. 1488, 1494, 79 L.Ed.2d 814 (1984).

The Court finds the reasoning of the Fourth and Fifth Circuits persuasive and concludes that Exemption 5 permits the segregation and release of purely factual material from attorney work-product.

■ Defendant's reliance on *FTC v. Grolier Inc.,* 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983) and *Weber* is misplaced. Both dealt with whether Exemption 5 applied to the documents at issue. Whether factual information must be segregated was not considered. *Grolier* was a work-product case in which the Court found that the Court of Appeals erred in construing Exemption 5 to protect work-product only if related litigation exists or potentially exists. Work-product is exempt without regard to the status of the litigation for which it was prepared. *Grolier,* 462 U.S. at 28, 103 S.Ct. at 2215. *Weber* addressed whether a civil discovery privilege not explicitly recognized in FOIA's legislative history was nevertheless still covered by Exemption 5. 465 U.S. at 798, 104 S.Ct. at 1492. In the case at bar, Exemption 5 clearly applies to Document 129(2); the issue is whether FOIA's requirement that reasonably segregable factual material be provided a requester also applies.

■ It is true that work-product is not "routinely" or "normally" disclosed upon a showing of relevance and Exemption 5 protects those documents "normally privileged" in civil discovery. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 148–49, 95 S.Ct. 1504, 1515–16, 44 L.Ed.2d 29 (1975). But

Exemption 5 speaks of material "which would not be available" to a party through civil discovery. Attorney work-product is not *per se* unavailable through civil discovery.

■ Exemption 5 must be reconciled with Federal Rule of Civil Procedure 26(b)(3). Rule 26(b)(3) makes documents prepared by an attorney in anticipation of litigation discoverable upon a showing that the party seeking discovery has "substantial need" of the materials and is "unable without undue hardship" to obtain equivalent information by other means. If discovery is ordered, the court shall protect against disclosure of the "mental impressions, conclusions, opinions, or legal theories" of the attorney. Fed.R.Civ.P. 26(b)(3). Factual material contained in work-product is discoverable under Rule 26(b)(3) if the requisite showing of substantial need and undue hardship is made. *Bogosian v. Gulf Oil Corp.,* 738 F.2d 587, 595 (3d Cir.1984); *Accord R.K. Peil v. National Semiconductor Corp.,* 105 F.R.D. 463 (E.D.Pa.1984). The Notes of the Advisory Committee on the 1970 Amendments to Rule 26 support *Bogosian.* They state, "In enforcing [Rule 26(b)(3)'s protection of lawyers' mental impressions and legal theories], the courts will sometimes find it necessary to order disclosure of a document but with portions deleted." The Advisory Committee's reference to "lawyers' mental impressions" is significant because under *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), a party seeking such "opinion" work-product must make an even stronger showing than substantial need and undue hardship. If facts interlaced within opinion work-product can be disclosed, then certainly facts contained within ordinary work-product are also disclosable under Rule 26(b)(3). The Court notes that it has not been established by the parties whether document 129(2) involves opinion or ordinary work-product. Because factual material in document 129(2) would be available to a party in litigation with Defendant, pursuant to Exemption 5, it is also available to Plaintiff.

■ The Court is mindful of the concern that FOIA not be used to supplement civil discovery. *See United States v. Weber,* 465

U.S. 792, 801, 104 S.Ct. 1488, 1494, 79 L.Ed.2d 814 (1984). The cases cited in *Weber* to support this proposition involved instances where the information sought through FOIA was already deemed unavailable in discovery. *See Baldridge v. Shapiro,* 455 U.S. 345, 102 S.Ct. 1103, 71 L.Ed.2d 199 (1982) (raw census data not discoverable under Rule 26(b)(1)); *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974) (contractor cannot resort to FOIA to obtain judicial interference with the procedures set forth in the Renegotiation Act). In *Weber* itself, discovery of the confidential statements sought through FOIA was prevented by *Machin v. Zuckert,* 316 F.2d 336 (D.C.Cir.1963) (confidential statements made to air crash safety investigators are privileged). In the case at bar, however, Plaintiff has not unsuccessfully sought to obtain document 129(2) through civil discovery.

■ The Court is guided by the principle that FOIA exemptions must be narrowly construed. *Department of the Air Force v. Rose,* 425 U.S. 352, 360–61, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). The intent of Congress in Exemption 5 was to protect agency deliberative processes, hence *Mink* fashioned the factual-deliberative distinction. *Mink* does not suggest the distinction applies only to the executive privilege. On this point, the Court disagrees with the D.C. Circuit. *Martin* pointed to an earlier version of Exemption 5 that would have permitted "all *factual* material in Government records ... to be made available to the public." *Mink,* 410 U.S. at 90, 93 S.Ct. at 837 (quoting S.Rep. No. 1219, 88th Cong., 2d Sess. 7 (1964)) (emphasis in original). *Martin* states that Congress' rejection of this proposal is evidence that it did not intend to "impose an across-the-board fact/deliberative process distinction in Exemption (b)(5) cases." 819 F.2d at 1186. However, Congress rejected the proposal because it exempted from disclosure only documents dealing "solely with matters of law or policy." *Mink,* 410 U.S. at 90, 93 S.Ct. at 837 (quoting Hearings on S. 1160, S. 1336, S. 1758, and S. 1879 Before the Subcommittee on Administrative Practice and Procedure of the Senate Committee on the Judiciary, 89th Cong., 1st Sess. 7 (1965)).

Since few government papers are entirely devoid of fact, documents dealing with mixed fact, law and policy questions would not be covered by the exemption and would be entirely available to the public. Congress was not concerned about the fact-deliberative process distinction in rejecting proposed Exemption 5, rather, Congress sought to craft an exemption that would apply to largely private and confidential policy recommendations which also happened to contain factual information.

■ The Court finds that purely factual information which does not reveal the "mental impressions, conclusions, opinions, or legal theories" of the Office of Inspector General's counsel is subject to disclosure under Exemption 5. Fed.R.Civ.P. 26(b)(3). The Court notes that factual information reflecting counsel's appraisal of evidence is protected work-product. *Kent Corp. v. NLRB,* 530 F.2d 612, 623–24 (5th Cir.1976), *cert. denied,* 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976). An attorney must be able to "assemble information, [and] sift what he considers to be the relevant from the irrelevant facts" without feeling that he is working for his adversary at the same time. *Hickman v. Taylor,* 329 U.S. 495, 511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947).

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED that Defendant's request that the Court modify its Order of March 29, 1993 to delete a requirement that factual material be segregated from Document 129(2) be, and hereby is, denied.

IT IS FURTHER ORDERED that Defendant's motion to correct inconsistencies in the Court's March 29, 1993 Memorandum Opinion and Order be, and hereby is, denied.

IT IS FURTHER ORDERED that Defendant shall release all the documents as ordered in the Court's March 29, 1993 Memorandum Opinion and Order and this Order within ten (10) days of the entry of this Order.