DECISION
This matter is before the Court on plaintiffs' motion to compel production pursuant to Super. R. Civ. P. 26 in a medical malpractice action.
During the March 2, 1995 deposition of defendant Dr. David J. Fortunato (Fortunato), the treating cardiologist of Richard F. Magill, Jr. (the deceased), the following questions and answers were recorded:
 Q Did you review any documents to prepare for this deposition today?
 A Yes, I did.
 Q Could you tell me what you reviewed?
 A I reviewed the medical records.
 Q Did you review any other documents?
 A And I reviewed just some notes that I had taken immediately after the time of my Subpoena.
 Q When would that have been?
 A That was in March of `93.
 Q Those are notes then that don't appear in the hospital records?
 A That's right.
 Q Now, you mentioned that you had made some notes regarding the case after you received the Subpoena?
 A Yes.
 Q Are you in possession of those notes now?
 A I'm not.
 Q Is your attorney in possession of those notes?
 A Yes.
 Q Did you make any notes at any time other than those notes that you made shortly following your service with the summons and the notes that appear in the hospital record, any other notes that you made regarding Mr. Magill?
 A No.
 . . . . .
 Q You also referred earlier, very early on in your testimony to notes that you had made about this case shortly after you received the summons in this case. You testified that those notes were in the possession of your attorney. Did you consult those notes in preparation for this deposition?
 A About a week ago.
Subsequent to the deposition, plaintiffs filed a motion to compel production of the notes that Fortunato made after the deposition summons. Fortunato objected that the notes were privileged under the work product doctrine and attorney-client privilege. Fortunato also filed an affidavit alleging that he had written the notes before the deposition on advice of counsel, and that:
 "8. At the deposition, I was asked if I reviewed any documents to prepare for the deposition and answered that in addition to Mr. Magill's medical records, I also reviewed the notes which I made, as referenced in paragraph 6 above.
 "10. At my deposition, I did not use or rely upon these notes to refresh my recollection but testified instead on the basis of my independent recollection and memory of the events surrounding my cardiology consultation and examination of Mr. Magill at St. Joseph Hospital on June 16, 1992."
As an initial matter, this Court finds that the notes are protected by both the attorney client privilege and the work product doctrine because they were created for the purpose of communicating facts to counsel to give legal advice and because they were prepared by a party in anticipation of litigation.
Plaintiffs assert they are entitled to discover the notes under Super. R. Civ. P. 26(b)(3) requiring the production of privileged materials "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." The plaintiffs assert undue hardship on the basis that they need the notes in order to prepare cross-examination of Fortunato. The plaintiffs also claim the notes are discoverable under Civ. R. Evid. 612, regarding writing used to refresh memory, because Fortunato used the notes in preparation for the deposition. Civ. R. Evid. 612 states:
 if a witness uses a writing to refresh his or her memory for the purpose of testifying, either
 (1) while testifying, or
 (2) before testifying, unless the court, in its discretion, determines that the burden of production substantially outweighs the likely benefits of production, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and, in the trial justice's discretion, to introduce in evidence those portions which relate to the testimony of the witness."
Civ. Evid. R. 612 is substantially similar to Fed. R. Evid. 612, which has been applied to deposition testimony. See, e.g.,Prucha v. M N Modern Hydraulic Press Co., 76 F.R.D. 207, 209 (W.D. Wis. 1977); Sporck v. Peil, 759 F.2d 312, 317 (3rd. Cir. 1985) (en banc), cert. denied, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230. Moreover, federal courts have held that the attorney client and work-product privileges may be waived when such writings are used in preparation for deposition testimony. SeeSporck v. Peil, 759 F.2d at 318; James Julian, Inc. v. RaytheonCo., 93 F.R.D. 138, 145-46 (D.Del. 1982). However, in order to meet the conditions of rule 612, a party must show three requirements: "1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that the production is necessary in the interest of justice." Sporck v. Peil, 759 F.2d at 317. The purpose of the second condition is "`to safeguard against using the rule as a pretext for wholesale exploration of an opposing party's files and to insure that access is limited only to those writings which may fairly be said in part to have an impact upon the testimony of the witness."'Id. In other words, the document is of little utility for the purpose of impeachment or cross-examination unless it is shown that the document actually influenced the witness' testimony. Id. at 318.
In the present case although plaintiffs unartfully asked questions regarding whether or not defendant used these notes "to refresh his memory," the deposition excerpts indicate that Fortunato reviewed the notes and used them to "prepare" for the deposition. It appears to this Court that this and his other answers did "establish either that [Fortunato] relied on any documents in giving his testimony, or that those documents influenced his testimony." Id. This Court finds that plaintiffs have demonstrated that the disclosure of the notes is necessary in the interest of justice as required by rule 612. In fact, plaintiffs also claim they are entitled to discover the notes under the provision in Super. R. Civ. P. 26(b)(3) authorizing production upon a showing of substantial need and undue hardship. The plaintiffs base their grounds on the need to prepare cross-examination of Fortunato.
The determination of substantial need and undue hardship rests in the sound discretion of the trial justice, who considers the facts and circumstances of each case in arriving at a conclusion. Jordan v. Stop and Shop Companies, Inc.,558 A.2d 957, 958 (R.I. 1989). The Court does exercise its discretion under these facts and circumstances and in the spirit of the rules.
For the above reasons, plaintiffs' motion to compel is granted and defendant Fortunato shall produce said notes subject to the following. This Court reviewed these notes in camera and said defendant may redact the following as privileged and representing mental impressions:
 a. The second sentence of paragraph 3.
 b. The second and fourth sentences of paragraph 4.
 c. The second sentence of paragraph 6.
This defendant has filed a motion to stay pending appeal of this decision. This Court grants a stay until the outcome of any appeal. Absent an appeal, the defendant shall produce said notes as hereby directed.
Counsel shall prepare the appropriate order for entry.