**HERON INTERACT, INC., Plaintiff,**

v.

**GUIDELINES, INC. and Mark N. Langevin, Defendants.**

**Civil Action No. 05–30290–KPN.**

United States District Court, D. Massachusetts.

July 2, 2007.

Judd L. Peskin, Peskin, Courchesne & Allen, P.C., Springfield, MA, for Plaintiff.

Kevin C. Maynard, Bulkley Richardson & Gelinas LLP, Boston, MA, Jennifer K. Cannon, Bulkley, Richardson & Gelinas, Springfield, MA, for Defendants.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS and PLAINTIFF'S MOTION TO STRIKE (Document Nos. 21 and 23)*

NEIMAN, United States Chief Magistrate Judge.

Presently before the court are Defendants Guidelines, Inc. and Mark Langevin's motion to compel production of documents and Plaintiff Heron Interact, Inc.'s cross-motion to strike. Both motions relate to the Rule 30(b)(6) deposition of Gary M. Chacho ("Chacho"), Plaintiff's principal. Chacho was designated by Plaintiff to testify "as to matters known or reasonably available to the organization." Fed.R.Civ.P. 30(b)(6). For the rea-

sons stated below, the court will allow Defendants' motion and deny Plaintiff's motion.

### DISCUSSION

Defendants' motion centers on Rule 612 of the Federal Rules of Evidence. In applicable part, the rule provides that,

> if a witness uses a writing to refresh memory for the purpose of testifying, either—
>
> (1) while testifying, or
>
> (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

Fed.R.Evid. 612. The rule applies to deposition testimony by operation of Fed.R.Civ.P. 30(c).

Plaintiff's argument to the contrary, it is apparent from both Chacho's testimony and the affidavit he filed in opposition to Defendants' motion that the nine documents at issue were used by him to refresh his memory when preparing for the deposition.[1] These documents include: annotated copies of a Covenant Not to Compete, an Asset Purchase Agreement, five depositions, a bill of sale, and a copy of a letter from Plaintiff's counsel to Defendants' counsel (with enclosed interrogatories, answers and handwritten notes by Chacho). In the court's opinion, all nine documents easily fall within the "writing[s]" referred to in Rule 612.

In this vein, it should be noted that Rule 30(b)(6) "explicitly requires [a company] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicity requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition." *Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co.,* 201 F.R.D. 33, 36 (D.Mass.2001) (quoting *United States v. Tay-*

---

1. In its opposition, Plaintiff describes two other documents, a consulting agreement and an escrow agreement, which do not appear on Defendants' list. (Compare Defendants' Memorandum ("Defs.' Mem.")(Docket No. 22) at page 2 with Plaintiff's Memorandum ("Pl.'s Mem.") (Docket No. 23) at page 2.) Given that it is Defendants' motion which is at issue, the court will address only those documents raised therein.

*lor,* 166 F.R.D. 356, 362 (M.D.N.C.1996)). *See also Briddell v. St. Gobain Abrasives, Inc.,* 233 F.R.D. 57, 60 (D.Mass.2005) ("If necessary, the deponent must use documents, past employees, and other resources in performing this required preparation."). This is exactly what Chacho did here when preparing for his deposition.

■ To be sure, Plaintiff asserts that Chacho did not use any of the documents to "refresh" his memory, a precondition to the application of Rule 612. Rather, Plaintiff maintains, Chacho's review was simply "analytical [and comparative] in nature." Chacho Affidavit ("Affidavit") (Pl's Mem. Exh. C) at ¶¶ 7, 8, 10. These assertions, however, are belied by both the transcript and Chacho's affidavit. See, *e.g.,* Deposition ("Deposition") (Defs.' Mem. Exh. 1) at 110:18–111:20 (acknowledging that he had reviewed documents in his possession in preparation for deposition and was relying on some of those during the course of deposition); Affidavit at ¶¶ 4–6 (acknowledging reviewing other deposition transcripts, making annotations thereon, and reviewing them prior to his own deposition). The entire thrust of Chacho's affidavit is that he gathered, created and utilized the information to refresh his understanding of the events and to prepare his testimony. And, in accord with those efforts, Chacho brought the annotated documents with him to the deposition. Thus, the documents easily fall within the purview of Rule 612.

Defendants also assert that Chacho specifically referred to at least two of the documents during the course of the deposition, *i.e.,* his annotated copies of the Covenant Not to Compete and the Asset Purchase Agreement. The court agrees. Those documents, accordingly, must be produced pursuant to Rule 612(1).

Still, the question remains whether disclosure to Defendants of the remaining seven documents "is necessary in the interests of justice" in accord with Rule 612(2). To decide this question, the court must balance Defendants' need to see the documents—so as to have a complete record of its examination as well as to test Chacho's credibility—with Plaintiff's interest in protecting privileged information which might reveal its

counsel's trial strategy or theory of the case. *See In re Atlantic Financial Mgmt. Sec. Litig.,* 121 F.R.D. 141, 143 (D.Mass.1988); *In re Comair Air Disaster Litig.,* 100 F.R.D. 350, 353 (E.D.Ky.1983).

As a preliminary matter, Plaintiff asserts that the seven remaining documents, even if reviewed and prepared prior to Chacho's deposition, were not referred to during the course of the deposition. That assertion, in the court's estimation, is not quite accurate. Plaintiff itself describes a colloquy during the deposition concerning Chacho's notes as they relate to Philip Prescott's deposition transcript. See Deposition at 121:10–123:16. In addition, the court's review reveals that all but one of the remaining documents (and accompanying notes) were addressed during the course of Chacho's deposition. See Deposition at 116:5–117:16 *et seq.* (Bartini deposition and notes); Deposition at 135:23–139:16 (bill of sale); Deposition at 139:17–142:10 (McGinnis deposition and notes); Deposition at 142:11–144:21 (Manahan deposition and notes); Deposition at 144:22–145:13 (Beal deposition and notes). As such, these documents may well have to be produced in accord with Rule 612(1), if not 612(2). The only document which was identified but not discussed at any length appears to have been the letter with enclosed notes and interrogatories. See Deposition at 145:14–146:8.

Granted, Plaintiff argues somewhat more specifically that Chacho did not have to refer to these documents *in order to refresh his memory* during the course of the deposition. Yet, even were the court to accept this characterization of Chacho's testimony, it is clear that the preparation which Chacho undertook *prior* to the deposition—including creating and reviewing the documents—was for that very purpose. That, of course, is all that is needed to fall within the purview of Rule 612.

■ Still, persevering, Plaintiff seeks a safe haven for *all* the documents under either the work-product doctrine or the attorney-client privilege, without making much of a distinction between the two. The work-product doctrine provides a means to protect an attorney's materials made in preparation of trial. *See Hickman v. Taylor,* 329 U.S.

495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Although the doctrine is "intertwined" with the attorney-client privilege, *Harding v. Dana Transp., Inc.*, 914 F.Supp. 1084, 1089 (D.N.J. 1996) (citing *United States v. Nobles*, 422 U.S. 225, 238 n. 11, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975)), its purpose differs:

> [T]he attorney-client privilege exists to keep inviolate confidences of clients to their attorneys, thereby presumably enhancing the communication exchange. The work-product doctrine, however, seeks to enhance the quality of professionalism within the legal field by preventing attorneys from benefitting from the fruit of an adversary's labor.

*Id.* at 1097. *See also Hickman,* 329 U.S. at 511, 67 S.Ct. 385 (describing fundamentals of work-product doctrine). Here, as far as the court can tell, the work-product doctrine, although cited by Plaintiff, is not at issue; the instant matter does not appear to concern the discovery of documents prepared by Plaintiff's counsel. *See* Fed.R.Civ.P. 26(b)(3).

■ The attorney-client privilege, on the other hand, "exists to protect not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States,* 449 U.S. 383, 390, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The shelter afforded by the privilege, however, "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]" *Id.* at 395, 101 S.Ct. 677. Moreover, as Plaintiff recognizes, the privilege may be pierced by operation of Rule 612. *See Derderian v. Polaroid Corp.,* 121 F.R.D. 13, 15 (D.Mass.1988) ("By using a document to refresh recollection in connection with testimony at a deposition, a privilege or protection which previously attached to the document may be waived.") (citing *S & A Painting Co. v. O.W.B. Corp.,* 103 F.R.D. 407, 409 (W.D.Pa.1984)).

In any event, relying on both the doctrine and the privilege—which Plaintiff claims were never waived—and exercising the 20/20 vision which comes with hindsight, Plaintiff presently seeks to strike a substantial portion of the deposition (from pages 109 through 147) insofar as it deals with the identified documents. In effect, Plaintiff wants to preclude the court from considering the deposition as it relates to Defendants' motion to compel.

■ Unfortunately for Plaintiff, its request is simply too late and, even if preserved, unpersuasive. As Defendants describe, not only did Plaintiff consent to Defendants reviewing certain documents at the deposition, but Chacho, without objection, answered a number of questions directed at many of those documents. Moreover, the court is not persuaded that it could or should put the genie back into the bottle which Plaintiff knowingly opened.

The court has also determined that the documents would not tread on Plaintiff's attorney's thought processes. After all, it is not attorney's summaries which are at issue, but the notations of the Rule 30(b)(6) deponent himself. Thus, there is hardly any exposure to which the attorney's thought processes would be subject were the seven remaining documents divulged in accord with Rule 612(2). *See In re Atlantic Financial Mgmt. Sec. Litig.,* 121 F.R.D. at 143 ("the minimal exposure of the attorney's mental process that would occur in this case if ... [the deponent] revealed the deposition transcripts and documents that he used to reflect his recollection does not justify withholding information which is essential to [the] ... effective examination of the witness"). In short, given the parties' relative needs, the court concludes that justice is best served by Plaintiff's producing those documents.

### CONCLUSION

Accordingly, Defendants' motion is ALLOWED and Plaintiff's motion is DENIED. Plaintiff shall produce the cited documents to Defendants within seven days.

IT IS SO ORDERED.