130 Nev., Advance Opinion 37

IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS DEVELOPMENT
ASSOCIATES, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
ESSEX REAL ESTATE PARTNERS,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; INTEGRATED FINANCIAL
ASSOCIATES, INC.; NEXBANK, SSB, A
TEXAS-CHARTERED STATE SAVINGS
BANK; WESTCHESTER CLO, LTD., A
CORPORATION ORGANIZED UNDER
THE LAWS OF THE CAYMAN
ISLANDS; GLENEAGLES CLO, LTD., A
CORPORATION ORGANIZED UNDER
THE LAWS OF THE CAYMAN
ISLANDS; STRATFORD CLO, LTD., A
CORPORATION ORGANIZED UNDER
THE LAWS OF THE CAYMAN
ISLANDS; GREENBRIAR CLO, LTD., A
CORPORATION ORGANIZED UNDER
THE LAWS OF THE CAYMAN
ISLANDS; EASTLAND CLO, LTD., A
CORPORATION ORGANIZED UNDER
THE LAWS OF THE CAYMAN
ISLANDS; BRENTWOOD CLO, LTD., A
CORPORATION ORGANIZED UNDER
THE LAWS OF THE CAYMAN
ISLANDS; JASPER CLO, LTD., A
CORPORATION ORGANIZED UNDER
THE LAWS OF THE CAYMAN
ISLANDS; LONGHORN CREDIT
FUNDING LLC, A DELAWARE
LIMITED LIABILITY COMPANY;
GRAYSON CLO, LTD., A
CORPORATION ORGANIZED UNDER
THE LAWS OF THE CAYMAN
ISLANDS; AND RED RIVER CLO, LTD.,
A CORPORATION ORGANIZED
UNDER THE LAWS OF THE CAYMAN
ISLANDS,
Petitioners,

No. 62512

**FILED**

MAY 2 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

8/29/14: Corrected per letter to publishers. CJ

14-17305

vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE
ELIZABETH GOFF GONZALEZ,
DISTRICT JUDGE; AND THE
HONORABLE MARK R. DENTON,
DISTRICT JUDGE,
Respondents,
   and
KB HOME NEVADA INC.,
Real Party in Interest.

Original petition for a writ of prohibition or mandamus challenging a district court order compelling discovery of purportedly privileged documents.

*Petition denied.*

Hutchison & Steffen, LLC, and Michael K. Wall and Patricia Lee, Las Vegas; Lackey Hershman, LLP, and Paul B. Lackey, Michael P. Aigen, and Kennedy Barnes, Dallas, Texas,
for Petitioners.

Pisanelli Bice, PLLC, and Todd L. Bice, James J. Pisanelli, Christopher R. Miltenberger, and Jordan T. Smith, Las Vegas,
for Real Party in Interest.

_____

BEFORE THE COURT EN BANC.[1]

_____

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.

## OPINION

By the Court, GIBBONS, C.J.:

This court recently addressed the intersection of NRS 50.125 and Nevada privilege law and concluded that "when invoked at a hearing, . . . NRS 50.125 requires disclosure of any document used to refresh the witness's recollection before or while testifying, regardless of privilege." *Las Vegas Sands Corp. v. Eighth Judicial Dist. Court*, 130 Nev. ___, ___, 319 P.3d 618, 623 (2014). In this opinion, we address whether NRS 50.125 applies to depositions as well as to in-court hearings. We conclude that it does. We therefore deny this petition for a writ of prohibition or mandamus.

## FACTS

The underlying action stems from a dispute between petitioners Las Vegas Development Associates, LLC; Essex Real Estate Partners, LLC; and Integrated Financial Associates, Inc. (collectively, LVDA), and real party in interest KB Home Nevada, Inc. (KB Home), arising out of a real estate transaction.[2] In conducting discovery, KB Home noticed and took the deposition of Essex Real Estate Partners, LLC's principal, George Holman. Holman testified that before his deposition, he had reviewed two memoranda prepared by his attorneys, as well as his own handwritten notes, to refresh his recollection and prepare for the proceeding. Then, the following exchange occurred:

> Q. Okay. Did the documents . . . what was the purpose of reviewing all those documents?

---

[2]Eleven intervenors joined this action.

 

A. To be prepared and to refresh my memory.

Q. Did they all refresh your recollection?

A. Yes.

Q. Including the memo?

A. Yes.

Holman testified that the memoranda were summaries of conversations that he had with his attorneys regarding the issues in this case. KB Home then requested that Holman divulge the contents of the attorney-prepared memoranda along with Holman's own handwritten notes. Holman refused based on the attorney-client privilege and the work-product doctrine.

On the second day of Holman's deposition, he again confirmed the intent behind reviewing his handwritten notes, stating: "I looked at them to refresh my recollection, yes." KB Home asked if the notes did in fact refresh his recollection about matters he expected to testify about that day. Holman responded affirmatively. KB Home again requested to inspect the notes, but Holman refused. Later in the deposition, Holman confirmed for a third time that the notes summarized conversations that he had with his attorneys and related to his testimony. In a later installment of his deposition, Holman stated that his intent behind reviewing the memoranda and notes was to refresh his "memory about the strategy of the case going forward." Throughout his deposition, Holman refused to divulge the contents of the attorney-prepared memoranda and his handwritten notes, on the grounds that they were privileged.

KB Home filed a motion to compel production of the documents, arguing that NRS 50.125 mandates disclosure of any documents used before a deposition to refresh one's recollection. The district court agreed and granted KB Home's motion. LVDA filed a motion

for reconsideration, and the district court referred the matter to the discovery commissioner. While the matter was proceeding before the discovery commissioner, LVDA produced Holman's handwritten notes and provided a redacted version of the attorney-prepared memoranda. Nevertheless, the discovery commissioner ultimately recommended full production of the unredacted memoranda. The discovery commissioner found that "so much of the information was intertwined," that "it would be impossible to conclude what 'factual' information [Holman] relied on." Additionally, the discovery commissioner found that "Holman reviewed the entirety of the documents and relied upon them in their entirety in preparing for his deposition." LVDA filed a written objection to the discovery commissioner's report and recommendation. The district court ultimately affirmed and adopted the discovery commissioner's report and recommendation, ordering production of the unredacted attorney-prepared memoranda pursuant to NRS 50.125.

The underlying proceedings have been stayed by the district court, and LVDA now seeks writ relief from this court, arguing that the district court abused its discretion in granting KB Home's motion to compel because: (1) KB Home did not lay a sufficient foundation to invoke NRS 50.125, (2) NRS 50.125 does not serve as a waiver of the attorney-client privilege, *and* (3) NRS 50.125 does not serve as a waiver of the work-product doctrine. Additionally, in order to properly resolve this writ petition, we will address whether NRS 50.125 applies to depositions as well as to in-court hearings.

## DISCUSSION

We exercise our discretion to consider this writ petition because this case presents a situation where "the assertedly privileged

 

information would irretrievably lose its confidential and privileged quality and petitioners would have no effective remedy, even by later appeal." *Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 350-51, 891 P.2d 1180, 1183-84 (1995). Further, we note that a writ of prohibition is an appropriate remedy to correct an order that compels disclosure of privileged information. *Valley Health Sys., L.L.C. v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___ n.5, 252 P.3d 676, 679 n.5 (2011); *Las Vegas Sands*, 130 Nev. at ___, 319 P.3d at 621.

*Standard of review*

Here, the parties dispute the district court's interpretation and application of NRS 50.125.[3] Statutory interpretation presents a question of law subject to our de novo review, even when arising in a writ proceeding. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008). "Generally, when a statute's language is plain and its meaning clear, the courts will apply that plain language." *Leven v. Frey*, 123 Nev. 399, 403, 168 P.3d 712, 715 (2007). But when a

---

[3]NRS 50.125(1) provides:

> If a witness uses a writing to refresh his or her memory, either before or while testifying, an adverse party is entitled:
>
> > (a) To have it produced at the hearing;
> >
> > (b) To inspect it;
> >
> > (c) To cross-examine the witness thereon;
>
> and
>
> > (d) To introduce in evidence those portions which relate to the testimony of the witness for the purpose of affecting the witness's credibility.

statute is susceptible to more than one reasonable interpretation, it is ambiguous, and this court must resolve that ambiguity by looking to the statute's legislative history and "construing the statute in a manner that conforms to reason and public policy." *Great Basin Water Network v. Taylor*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010).

*KB Home laid a proper foundation to invoke NRS 50.125*

As a preliminary matter, LVDA argues that even if NRS 50.125 requires production of documents otherwise protected by the attorney-client privilege and the work-product doctrine, KB Home did not lay the proper foundation to invoke the benefits of NRS 50.125 because KB Home did not establish the extent to which the documents refreshed Holman's recollection. LVDA primarily relies on *Sipsas v. State*, 102 Nev. 119, 123, 716 P.2d 231, 233 (1986), in which this court determined that the district court abused its discretion in admitting a photograph pursuant to NRS 50.125(1)(d) when that photograph was not used to refresh the memory of the witness in question. This court concluded that although the witness "had previously viewed the photograph, it was not used, nor was it needed, to refresh [the witness's] recollection of the event." *Id.* at 123, 716 P.2d at 234. Thus, "[t]he photograph . . . was improperly admitted on the grounds of NRS 50.125(1)(d)." *Id.*

LVDA's reliance on *Sipsas* is misplaced because that case involved a situation where the witness never indicated that he was unable to recall events, and therefore the photograph was clearly not used to refresh the witness's recollection at trial. *See id.* Here, KB Home established a foundation under NRS 50.125 because KB Home verified with Holman that he reviewed the two memoranda, the purpose for reviewing the memoranda, and the effect his review had in refreshing his recollection.

NRS 50.125(1) clearly states that "[i]f a witness *uses a writing to refresh his or her memory*, either before or while testifying, an adverse party is entitled to have it produced at the hearing . . . ." (Emphasis added.) As the discovery commissioner noted, "it [was] clear that [Holman] reviewed the documents, including the alleged privileged documents to 'refresh his memory.' Therefore, this case is not one where the purported privileged communications did not refresh." Thus, we conclude that the district court did not abuse its discretion in finding that KB Home laid a proper foundation to invoke NRS 50.125.

*NRS 50.125 serves as a waiver of the attorney-client privilege and the work-product doctrine when a witness reviews such writings to refresh his or her recollection prior to testifying*

LVDA argues that NRS 50.125 does not serve as a waiver of the attorney-client privilege or the work-product doctrine because those protections apply "at all stages of the proceedings." NRS 47.020(2) (providing that "the provisions of [C]hapter 49 of NRS with respect to privileges apply at all stages of all proceedings").

We recently addressed the intersection of NRS 50.125 and Nevada privilege law in *Las Vegas Sands Corp. v. Eighth Judicial District Court*, 130 Nev. ___, 319 P.3d 618 (2014). In *Las Vegas Sands*, we noted that the language of NRS 50.125 is ambiguous, given its bare use of the term "a writing." *Id.* at ___, 319 P.3d at 622. In analyzing the statute, we compared NRS 50.125 to its federal counterpart, Federal Rule of Evidence (FRE) 612, and noted that "[w]hereas FRE 612 permits the district court's exercise of discretion to preclude disclosure of privileged documents used to refresh a witness's recollection before testifying, no such discretionary language exists in NRS 50.125." *Id.* at ___, 319 P.3d at 623. Thus, without such discretionary language, "Nevada district courts lack

discretion to halt the disclosure of privileged documents when a witness uses the privileged documents to refresh his or her recollection prior to testifying." *Id.*

Here, LVDA prepared Holman for his deposition by supplying him with two memoranda that LVDA asserts are attorney work-product and subject to the attorney-client privilege. Holman admittedly used those memoranda to refresh his memory before his deposition, which potentially shaped and influenced his deposition testimony.[4]

However, NRS 50.125 uses the term "hearing," without any indication as to whether the statute should apply to depositions. In order to properly resolve this writ petition, we must address whether NRS 50.125 applies to depositions as well as in-court hearings.

*NRS 50.125's "hearing" language applies to depositions as well as to in-court hearings*

This court has not previously addressed whether depositions are included within the term "hearing" under NRS 50.125. *Black's Law Dictionary* defines hearing as "[a] judicial session, usu[ally] open to the public, held for the purpose of deciding issues of fact or of law, sometimes

---

[4]Additionally, we conclude that LVDA's argument that the district court was required to redact any mental impressions, opinions, or legal theories is without merit. The discovery commissioner conducted an in camera review of the redacted and unredacted memoranda and found that "Holman reviewed the entirety of the documents and relied upon them in their entirety in preparing for his deposition." In light of these findings and NRS 50.125's absolute language, we cannot say that the district court abused its discretion in affirming and adopting the discovery commissioner's recommendation that the memoranda be produced in their unredacted form.

with witnesses testifying." *Black's Law Dictionary* 788 (9th ed. 2009). A deposition is defined as "[a] witness's out-of-court testimony that is reduced to writing (usu[ally] by a court reporter) for later use in court or for discovery purposes." *Id.* at 505. Although the two terms may be defined to encompass different specific events, there is also a significant amount of overlap in terms of the functions they serve. *See Chanos v. Nev. Tax Comm'n*, 124 Nev. 232, 241, 181 P.3d 675, 681 (2008) ("[T]hough [definitions of hearing] var[y] . . . , they all share[ ] a common element: a hearing is an official gathering at which evidence is taken."). Because these two terms can reasonably be interpreted in both manners, we look to the legislative history for guidance.

A search of the legislative history behind NRS 50.125 reveals that there was no discussion as to whether the Nevada Legislature intended depositions to be included within the term. *See* Hearing on S.B. 12 Before the Senate Judiciary Comm., 56th Leg. (Nev., Feb. 10, 1971); Hearing on S.B. 12 Before the Joint Senate & Assembly Judiciary Comms., 56th Leg. (Nev., Feb. 11, 1971) (addressing concerns regarding various proposed rules of evidence, but not addressing the provisions of NRS 50.125). However, NRS 50.125 was submitted to the Nevada Legislature based on a draft version of Federal Rule of Evidence (FRE) 612. Hearing on S.B. 12 Before the Senate Judiciary Comm., 56th Leg. (Nev., Feb. 10, 1971) ("There is a federal evidence code that is proposed; it is amended in some respects and this draft follows as closely as possible that code . . . our work here is as close as can be to [the] federal code."). And although NRS 50.125 differs from FRE 612 insofar as NRS 50.125 lacks a discretionary element, *see Las Vegas Sands*, 130 Nev. at ___, 319

SUPREME COURT
OF
NEVADA

(O) 1947A

P.3d at 623, both provisions refer to use of the writing at a "hearing."[5] Thus, the federal decisions interpreting FRE 612 are instructive with regard to our consideration of this issue. *Cf. Nelson v. Heer*, 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005) ("We have previously recognized that federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules.").

Federal courts interpreting FRE 612 have concluded that the rule applies to depositions and deposition testimony by operation of FRCP 30(c), which provides that "examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence." *See, e.g., Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985) (explaining that FRE 612 "is applicable to depositions and deposition testimony by operation of Federal Rule of Civil Procedure 30(c)"); *Heron Interact, Inc. v. Guidelines, Inc.*, 244 F.R.D. 75, 76 (D. Mass. 2007); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 637 (E.D.N.Y. 1997); *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982); *see also Doxtator v. Swarthout*, 328 N.Y.S.2d 150, 152 (App. Div. 1972) ("We think it a sound rule that writings used prior to testifying for the purpose of refreshing the memory of a witness be made available to the adversary

---

[5]FRE 612 provides in relevant part:

> [W]hen a witness uses a writing to refresh memory . . . an adverse party is entitled to have the writing produced *at the hearing*, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony.

(Emphasis added.)

SUPREME COURT
OF
NEVADA

(O) 1947A

11

whether at the trial or at pre-trial examination." (internal citations omitted)).

The portion of FRCP 30(c) that federal courts have relied upon to apply FRE 612 to deposition testimony states that "examination and cross-examination of a deponent proceed as they would *at trial* under the Federal Rules of Evidence." FRCP 30(c) (emphasis added). Similarly, NRCP 30(c) states that "[e]xamination and cross-examination of witnesses may proceed as permitted *at the trial* under the provisions of Rule 43(b)."[6] (Emphasis added.) Based on our review of both NRCP 30(c) and FRCP 30(c), we conclude that the two provisions are substantially similar because both provide that deposition examinations proceed as permitted at trial.

Given that depositions proceed as permitted at trial, we see no reason why writings used to refresh the memory of a witness before or during a deposition should be treated differently than those used by a witness before or at "the trial." We find the federal caselaw on this issue to be persuasive and conclude that NRS 50.125 applies to depositions and deposition testimony as well as to in-court hearings by operation of NRCP 30(c). *See Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008) (stating that "federal court decisions discussing [an analogous federal rule of evidence] may provide persuasive authority" to help this court interpret its own rules).[7]

---

[6]NRCP 43(b) provides that a "solemn affirmation" may be accepted in lieu of an oath.

[7]Unlike in *Las Vegas Sands*, this "hearing" has not been completed and the finder of fact has not yet ruled on the underlying issue. *See Las Vegas Sands*, 130 Nev. at ___, 319 P.3d at 624. Thus, because Holman's deposition can be resumed, he can still be cross-examined on the writing,

*continued on next page . . .*

Therefore, we conclude that when a witness uses a privileged document to refresh his or her recollection prior to giving testimony at a deposition, an adverse party is entitled to have the writing produced at the deposition pursuant to NRS 50.125. KB Home is entitled to know the contents of those memoranda in order to properly cross-examine Holman as to their accuracy, truthfulness, and their influence on his testimony. As a result, we conclude that the district court did not err in granting KB Home's motion to compel production of the attorney-prepared memoranda.[8]

## CONCLUSION

We conclude that reviewing a document for the purpose of refreshing one's memory prior to or during testimony serves as a waiver to the attorney-client privilege and the work-product doctrine under NRS 50.125, allowing the adverse party to demand production of the document, inspect it, cross-examine the witness on the contents, and admit the document into evidence for the purpose of impeachment. We also conclude that NRS 50.125 applies to deposition testimony as well as to in-court hearings. As a result, we conclude that the district court properly compelled the production of the documents that Holman used to refresh

---

*. . . continued*

and the writing can be produced, inspected, and used for cross-examination for the purpose of assessing Holman's credibility.

[8]We have considered the parties' remaining arguments and conclude they are without merit.

his recollection prior to his deposition, and we therefore deny this petition for a writ of prohibition or mandamus.

_____, C.J.
Gibbons

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A